[No. 2,432.]

## THOMAS U. SWEENEY v. JAMES REILLY ET AL.

SERVICE OF NOTICE OF APPEAL.—The statute provides no time within which the notice of appeal must be served, except that it must be served before the undertaking on appeal is filed.

ABANDONMENT—INADMISSIBLE EVIDENCE.—S. sued R. in ejectment, and proved a prima facie prior possession; in order to show that S. had abandoned the premises for others, R. offered a preëmption declaration by S. made under the Act of April 22d, 1852, and the evidence was admitted. *Held*, that the admission was erroneous.

PRESUMPTION OF INJURY.—Injury will be presumed from error, where the record fails to show that no error was done.

Erroneous Instructions—Better Possession.—In an action of ejectment it is error to instruct the jury that the defendant, being in possession, plaintiff cannot recover unless he prove an earlier and better possession.

Idem—Abandonment.—In such a case it is not error to refuse to instruct the jury that after the entry of defendant no neglect or omission of plaintiff in taking or exercising possession of the land, can be considered as an indication of abandonment.

Appeal from the District Court of the Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment commenced in May, 1864. The trial was by the Court with a jury. The plaintiff introduced evidence tending to prove that he had moved upon the land in suit in 1854, had cultivated it, and exercised other acts of ownership over it, continuously, until 1863.

The following paper, duly subscribed and sworn to by the plaintiff, was offered in evidence by the defendant, and was admitted by the Court against the plaintiff's objection:

"Know all men by these presents, that I, Thomas U. Sweeney, of the County of San Francisco, in the State of California, upon my oath do hereby depose and declare that I am now in the occupation of the following described tract or parcel of land, situated in the said county, and bounded and described as follows, to wit: Commencing at a point about two rods northeast of a certain spring, emptying into the adjoining ranch of one 'Schaat;' thence running south seven and one quarter ($7\frac{1}{4}$) degrees, west 4 73-100 chains; thence south seven and one half ($7\frac{1}{2}$) degrees east, 10 89-100 chains; thence south nineteen and three quarters ($19\frac{3}{4}$) degrees, west 3 63-100 chains; thence south seventeen (17) degrees west, 7 45-100 chains; thence south twenty-two and one half ($22\frac{1}{2}$) degrees west, 3 33-100 chains; thence south 6 50-100 chains; thence north eighty and one half ($80\frac{1}{2}$) degrees west, 49 chains; thence north 24 16-100 chains; thence north eighty-nine (89) degrees east, 24 80-100 chains; thence north eighty-five (85) degrees east, 27 85-100 chains, to the

place of beginning. Being the same parcel of land and premises occupied by me. And I further state and declare that the lines of my said claim do not embrace more than one hundred and sixty acres of land.

" That I am a citizen of the United States, and that I have taken no other claim under the Act of the Legislature hereinafter mentioned, to the best of my knowledge and belief, and that the said land is not claimed under any existing title to my knowledge.

" And I further state and declare that improvements partaking of the realty have been made by me upon the said land, and that the same are now existing thereon, to the value of two hundred dollars.

" And that this declaration is made by me pursuant to an Act of the Legislature of the State of California, entitled 'An Act prescribing the mode of maintaining and defending possessory actions on public lands,' approved on the 20th day of April, A. D. 1852.

" In witness of the foregoing, I have hereunto set my hand this 19th day of June, A. D. 1860."

The jury returned a verdict for the defendants, and judgment was rendered accordingly. The plaintiff moved for a new trial. The motion was denied, and he appealed from the order denying the motion and from the judgment.

The other facts are stated in the opinion of the Court.

*Jarboe & Harrison,* for Appellants.

The land described in the paper offered in evidence by the defendants was not the land in suit; and in that instrument the plaintiff merely swore as he was required to swear by the Act under which he was proceeding—that he had taken no other claim under that Act. It was, therefore, clearly immaterial and irrelevant for any purpose in this action. The Court erred in admitting it, and it will be pre-

sumed that the plaintiff was injured by the error. (3 Graham & Waterman, New Trials, 708; *Spanagel* v. *Dellinger*, 38 Cal. 283; *Boyle* v. *Coleman*, 13 Barb. 43; *Richardson* v. *McNulty*, 24 Cal. 346; *Atwood* v. *Fricot*, 17 Cal. 37.) The Court erred in giving the jury the instruction as to better possession. The prior possession need not be a better one, but only an earlier one. The law allows a plaintiff to recover on proof of prior possession, because that possession is prima facie evidence of title, and a proof of possession, however short, will enable a plaintiff to recover. (*Potter* v. *Knowles*, 5 Cal. 87; Adams on Ejectment, 137; 4 Johnson, 210.)

The Court erred in refusing the instruction asked by the defendants, that after the entry of the defendants upon the premises no neglect or omission of the plaintiff in taking or exercising possession of the land could be considered by the jury as an indication of an abandonment of the land, for the reason that a party cannot abandon what he has not in his possession. (*Stephens* v. *Mansfield*, 11 Cal. 365; *Partridge* v. *McKinney*, 10 Cal. 183.)

*G. F. & A. H. Sharp*, for Respondent.

The appeal must be dismissed, as the notice of appeal was not served until two days after the filing. The preëmption claim was admissible, not only as tending to prove that fact, but also as corroborative of defendants' evidence. The evidence established that plaintiff declared he had abandoned these premises for others on the San Miguel; and we show by his sworn statement that about the same time he did preëmpt the identical premises he said he had. It may have been accumulative, but it was certainly relevant. It was not offered to contradict plaintiff, but it would have been admissible for that purpose.

The portion of the charge complained of was without injury. The prior possession of plaintiff was conceded. The defendants relied on abandonment alone. The instruction

asked for by the defendant was rightly refused. The testimony established that plaintiff left without the intention of returning, and that intention *ipso facto* proved an abandonment. (*Keane* v. *Cannivan*, 20 Cal. 305; *Bell* v. *Red Rock Company*, 36 Cal. 217; *Moon* v. *Rollins*, 36 Cal. 337.)

By the Court, Temple, J.:

The fact that the notice of appeal was not served until two days after it had been filed, is not a valid objection to the appeal. The statute prescribes no time within which this service must be made, except, of course, that it must be served before the undertaking is filed, which must be within five days after the notice has been filed.

The action was ejectment, and one of the issues made was whether the plaintiff had abandoned the premises before the entry of the defendants. This defense admitted the plaintiff's prior possession for the purposes of the defense. On the trial the defendants offered a certified copy of a statement and an affidavit made by the plaintiff under the provisions of an Act of the Legislature passed April 20th, 1852, entitled "An Act prescribing the mode of maintaining and defending possessory actions on public lands." The sworn statement recited that the land described in it was occupied by the affiant, and that he had taken no other claim under that Act. This was offered to show abandonment, and was received in evidence against the exceptions of the plaintiff.

The admission of this evidence was certainly erroneous, for the instrument in question could have had no bearing whatever upon the issue of abandonment. It was undoubtedly proper to show the acts of the plaintiff in removing his improvements from the premises claimed to have been abandoned, and in locating upon and improving a different tract. This, however, would not be sufficient in itself to show abandonment, and it could not be material in any respect to show

that he claimed under an Act of the Legislature which attempted to prescribe what should constitute possession in a particular class of cases. Nor can we see, from the record, that this error did not prejudice the plaintiff. No evidence which is wrongly admitted because of its irrelevance or immateriality, ought to have weight with a jury; but it is sometimes difficult to say that it has not had weight. The jury may have been led to think that plaintiff could not honestly make such an affidavit while he was laying claim to another tract. Injury will be presumed from error where we cannot see from the record that none has been done. (*Spanagel* v. *Dellinger*, 38 Cal. 278.)

It was also error to instruct the jury that the defendants, being in possession, plaintiff could not recover, unless he proved an earlier and better possession. The possession need not have been better, as implying a comparison between the acts constituting the prior possession of the plaintiff and the present possession of defendants. The word has no point, unless in reference to such comparison. It cannot be understood as implying that a prior possession would be a better possession; and if such were the intention of the Judge who presided at the trial, the language failed to express his meaning, and was calculated to mislead the jury.

The instruction asked for by the plaintiff, to the effect that after the entry of defendants no neglect or omission of plaintiff, in taking or exercising possession of the land, can be considered as an indication of an abandonment, was properly refused. It is very true that one cannot abandon land when he has not possession, and also that the mere neglect or omission to assert one's title to land from which he has been ousted for a period, within the Statute of Limitations, is not evidence of abandonment. The question of abandonment is to a great extent one of intention, which must be shown from the circumstances of each case; and if the evidence were that the plaintiff left the premises sued for, and

removed his improvements to another tract in the vicinity, and afterwards knew of the entry of the defendants and their claim of title, it might have a bearing upon the intentions of plaintiff with reference to the premises, if he stood by and saw the defendants improving and occupying the land for a long period of years, and asserted no claim. It would not work an estoppel, or be of itself evidence of abandonment, but it may well be taken into consideration, in connection with other circumstances, to throw light upon the intentions of the plaintiff.

Judgment and order reversed, and cause remanded for a new trial.

SPRAGUE, J., concurring specially:

I concur in the judgment solely on the ground of the error in giving the instruction referred to in the opinion.