WILLIAM CHENEY, Assignee, *vs.* DRY WOOD LUMBER COMPANY.

January 20, 1886.

New Trial—Surprise—Discretion of Court.—Affirmance of an order denying a new trial, moved for on the grounds—*First*, of abuse of discretion by the district court in refusing to postpone or continue the case; and, *second*, of accident and surprise by which plaintiff was prevented from being prepared for trial,—neither ground being supported by any proper showing of facts.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*Henry D. Yeaton* and *J. L. Dobbin*, for appellant.

*Hart & Brewer*, for respondent.

BERRY, J.   The motion for a new trial was based upon the two grounds following only: (1) Abuse of discretion by the district court in refusing to pass the case to the last of the term, or to continue it to the next term; (2) accident and surprise on plaintiff's part, preventing him from being present at the trial and from being prepared. therefor.   The appeal is from the order denying this motion.

Upon the application to pass or continue the case, no facts going to show any reason therefor were made to appear to the district court otherwise than by the *unsworn oral statement* of the plaintiff's counsel.

The affidavits by which, upon the hearing of the motion for a new trial, it was sought to show an excuse for plaintiff's absence from the trial, and his want of preparation therefor, fall far short of making out a case of accident or surprise.   They only show that he relied upon something upon which he had no right to rely, and, in addition, the facts set up in them appear to have been known to him and his attorney at the time of the application for passing or continuing the case, and no reason appears why they were not then presented to the district court in some other form than by the oral statement before mentioned.   This disposes of all the questions brought here by the appeal, and the order denying a new trial must be affirmed.

The question whether the district court was right in ordering judgment for respondent is not properly here, and the answer to it cannot affect the present appeal.   Nevertheless, as it has been argued at length by both parties, it will perhaps be for the advantage of all concerned that we should add that, as at present advised, we think the district court was right.   Upon the complaint, answer, and the admission of the reply, we think respondent was entitled to judgment.

Order affirmed.