[No. 13501. In Bank.— August 4, 1890.]

GEORGE STORCH, APPELLANT, *v.* FRANK McCAIN ET AL., RESPONDENTS.

MORTGAGE — RELEASE BY AGENT — EVIDENCE — PROOF OF AUTHORITY — FINDING — CONFLICTING EVIDENCE. — Where a mortgage was released in consideration of an absolute conveyance of the mortgaged property by an attorney in fact, whose powers of attorney did not authorize such release, it may nevertheless be shown, in an action to foreclose the mortgage, that the note was indorsed to the agent by the mortgagee in blank, together with the mortgage, with power to collect, and that the mortgagee told the mortgagor that the money belonged to such agent, and that anything he did with the mortgagor the mortgagee would stand by; and such evidence would justify a finding that the agent had authority to release the mortgage, though other evidence may conflict therewith.

ID. — INDORSEMENT OF NOTE IN BLANK — MORTGAGE AN INCIDENT TO NOTE SECURED — ASSIGNMENT. — A note indorsed in blank is payable to bearer, and may be negotiated by delivery alone; and a mortgage securing such note is a mere incident of the debt, and follows the transfer of the note with the full effect of a regular assignment.

AMENDMENT TO. ANSWER — CONTINUANCE — AFFIDAVIT — MATERIALITY OF EVIDENCE — DILIGENCE. — Permitting the defendant to amend his answer, and refusing to postpone the trial on the ground of absence of evidence to meet the issues raised by such answer, is not error, where the record does not disclose that the motion to postpone the trial was made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence had been made to obtain it.

FORECLOSURE OF MORTGAGE — ISSUE AS TO SATISFACTION BY DEED — EVIDENCE OF VALUE — MOTIVE FOR BRINGING ACTION. — Evidence as to the condition of the real estate market at the time of an alleged satisfaction of the mortgage which is sought to be foreclosed is not admissible in favor of defendant in the action of foreclosure, to show why suit was brought, as the motive of plaintiff for bringing the suit is not material.

Appeal — Error in Admission of Evidence — Presumption of Preju-
dice — New Trial. — Where evidence is erroneously admitted against
an objection as to its admissibility, the presumption is, that the trial
court attached some importance to it; and if it cannot be seen, from the
record, that the evidence was not prejudicial to the party objecting, the
error in admitting it entitles such party to a new trial.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Sargent & Harpham,* for Appellant.

*Robert Hardie,* for Respondents.

Sharpstein, J. — Action to foreclose a mortgage given to secure the payment of a promissory note of eight thousand dollars. The central question in the case is, whether the note had been paid and the mortgage discharged before the commencement of this action. The court so found, and that finding is attacked by appellant, on the ground of the insufficiency of the evidence to justify it.

The evidence shows that one John Belz had possession of the note and mortgage by authority of plaintiff, who testifies as follows: " Shortly before maturity I sent the note to the First National Bank of Los Angeles, California, for collection. I stated to them if it was not paid promptly, to turn it over to John Belz, who would see to the collection of it." The note was indorsed by plaintiff generally or in blank, and was turned over by the bank to Belz. On December 22, 1889, Belz and defendant McCain negotiated for the exchange of said note and mortgage for an absolute conveyance to plaintiff by defendant McCain of an undivided one-fourth part of the mortgaged premises and a note for $1,485.35, secured by a mortgage on another fourth of said premises. Belz, in consideration of said absolute conveyance and last-mentioned note and mortgage, delivered to defend-

ant McCain said note of eight thousand dollars, canceled and executed the following indorsement on the record of the mortgage given to secure the payment of said note: —

"Received full and entire satisfaction on the within mortgage this twenty-second day of December, 1887.

"GEORGE STORCH.

"By JOHN BELZ, his attorney in fact."

If John Belz had authority to bind the plaintiff, there can be no doubt of the satisfaction of the mortgage which this action is brought to foreclose. It is not shown that Belz was authorized by any formal power of attorney to execute a release of said mortgage. He held plaintiff's power of attorney at the time, but it did not authorize him to enter the satisfaction of said mortgage, and the court finds that Belz had authority from plaintiff, other than that contained in said power of attorney, for executing the satisfaction of the mortgage which plaintiff is seeking to foreclose in this action. The defendant McCain testified that plaintiff told him, at the time the loan was made for which said note of eight thousand dollars and mortgage were executed, that the money loaned belonged to Belz, and that plaintiff wrote him, defendant McCain, that he, plaintiff, had sent the note to the First National Bank for collection; that Belz was there, and anything that defendant McCain did with Belz, he, plaintiff, stood by it; he stood by anything that Mr. Belz did for him. That testimony, and the turning over to Belz of the note indorsed by plaintiff, together with the mortgage, constitute the evidence of the authority of Belz to receive anything other than money in satisfaction of the note and mortgage. And we think that is sufficient to justify the finding that Belz had such authority. The indorsement and delivery of the note by plaintiff to Belz was strong evidence of it. A note indorsed in blank is payable to bearer, and may be negotiated by delivery alone. (*Curtis* v. *Sprague,* 51 Cal. 239; *Peacock* v. *Rhodes,*

2 Doug. 635; *Swan* v. *N. B. Australian Co.*, 2 Hurl. & C. 175; *Norris* v. *Preston*, 93 Ill. 215.)  The mortgage was a mere incident of the debt which it secured, and followed the transfer of the note with the full effect of a regular assignment.  (*Ord* v. *McKee*, 5 Cal. 515.)

Conceding that parol evidence was admissible to show that the transaction was not what the law, in the absence of such evidence, would presume it to be, we have here the evidence of defendant McCain that it was intended to operate as an assignment of the note and mortgage to Belz.  There is evidence tending to show that the indorsement was intended to be special for the purpose of authorizing Belz to collect the amount of the debt secured in money.  But we cannot interfere with the finding, where the evidence upon the issue found is conflicting.  It is exclusively for the court below to determine the weight of evidence.

The court did not err in permitting the defendants to amend their answers, nor in refusing to postpone the trial on the ground of absence of evidence to meet the issues raised by such amendment.  The record does not disclose that the motion was made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence had been made to obtain it; and it is only upon such an affidavit that a motion to postpone a trial on the ground of absence of evidence can be made.  (Code Civ. Proc., sec. 595.)

While the defendant was on the witness-stand testifying in his own behalf, his counsel asked him: "What was the condition of the real estate market in this city and county [Los Angeles city and county] about the time of this transaction, December 22, 1887?"

Plaintiff's counsel objected to the question, on the ground that it was irrelevant and immaterial.

*The Court.* — I think it would go to show why action might be brought.

Counsel for plaintiff excepted, and witness answered:

"It was very active; what was called a boom, especially
in this section; this land was located at what was known
as Santa Fé Springs, and runs up and adjoins the town
site." This was followed by other questions and answers
of similar import, which were objected to, objections
overruled, and exceptions reserved. That this evidence
was wholly irrelevant and immaterial we have no doubt.
It is entirely outside of any issue in the case, and ought
not to have influenced the decision in any degree what-
ever. But we are not at liberty to hold that the admit-
ting of it was a harmless error. The overruling of the
objection to admitting it, on the ground that it was ir-
relevant and immaterial, indicates that in the opinion
of the court it was relevant and material. And counsel
for respondent defends the action of the court on the
ground that it was relevant and material. In his brief
he says: "The materiality of the evidence of defend-
ant McCain as to the value of real estate on December
22, 1887, when the settlement was effected, and its value
about the time suit was commenced, is well shown by
the quotation from the opinion of Judge Van Dyke, in
which he says: 'I cannot resist the conclusion that the
rapid decline in the price of land between the date of
settlement and the commencement of this action ac-
counts for the proceeding.' The evidence was material
to show why suit was brought." But the motive for
bringing suit was in no way material, and could not
properly be inquired into. That the court attached some
importance to this evidence, we are bound to presume
from his admitting it against the objection made to it.

We therefore cannot see, from the record, that this
evidence did not prejudice the plaintiff, and the error in
admitting it entitles appellant to a new trial. (*Rice* v.
*Heath*, 39 Cal. 609; *Spanagel* v. *Dellinger*, 38 Cal. 278;
*Sweeney* v. *Reilley*, 42 Cal. 402; *Ponce* v. *McElvy*, 51 Cal.
222.)

Judgment and order reversed, and cause remanded for
a new trial.

PATERSON, J., FOX, J., and WORKS, J., concurred.

MCFARLAND, J., dissenting. — I dissent. I think that the case was properly decided in the court below, and that the error, if any, in admitting certain evidence was not of sufficient importance to change the result.

THORNTON, J. — I concur with Justice McFarland.