CHARLES C. MURDOCK *vs.* NEW YORK AND BOSTON
DESPATCH EXPRESS COMPANY.

Plymouth.    January 20, 1897. — February 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Negligence — Question for Jury — Evidence of Average
Monthly Earnings.*

In an action for personal injuries occasioned to the plaintiff by a runaway horse,
there was evidence that the horse was left standing close behind a wagon, and,
it would seem probable, caught its bridle on a T-shaped handle of a door in the
rear of the wagon, pulled its bridle off, and started on a run.  It also appeared
that there was no weight attached to the horse at the moment of the accident.
*Held,* that it could not be said that the jury were not warranted in finding the
defendant negligent.

In an action for personal injuries, evidence of the plaintiff as to his average
monthly earnings is admissible to show the value of the time lost by him.

TORT, for personal injuries occasioned to the plaintiff while
riding a bicycle by being struck by a runaway horse.  At the
trial in the Superior Court, before *Braley,* J., the defendant re-
quested the judge to rule that the plaintiff could not recover.
The judge declined so to rule.

The jury returned a verdict for the plaintiff; and the de-
fendant alleged exceptions, the nature of which appears in
the opinion.

*C. F. Choate, Jr.,* for the defendant.

*R. O. Harris,* for the plaintiff.

HOLMES, J.   This is an action for running the plaintiff down
by a runaway horse.   It is not for us to consider what our ver-
dict would be on the printed report, but only whether, on the
evidence, the presiding judge could have taken it from the jury.
The horse was left standing close behind a wagon, and, it would
seem likely, caught its bridle on a T-shaped handle of a door
in the rear of the wagon, pulled its bridle off, and in this way
was started on its run.   There was testimony that the horse
was fastened by a strap to a twenty-pound weight when he was
left.   But there was no weight attached at the moment of the
accident, and that fact and the escape of the horse are some evi-
dence that he was left without one.   We cannot say that the

jury were not warranted in finding the defendant negligent. See *Barnes* v. *Chapin,* 4 Allen, 444 ; *McDonald* v. *Snelling,* 14 Allen, 290, 297 ; *Western Union Telegraph Co.* v. *Quinn,* 56 Ill. 319 ; *McCahill* v. *Kipp,* 2 E. D. Smith, 413 ; *Rumsey* v. *Nelson,* 58 Vt. 590 ; *Garlick* v. *Dorsey,* 48 Ala. 220 ; *Goodman* v. *Taylor,* 5 C. & P. 410.

The plaintiff was allowed to testify to his average monthly earnings, and an exception was taken. We are of opinion that the evidence was admissible. There is no question of pleading about it. A part of the immediate damage in all such cases is that the plaintiff is prevented from working. To ascertain the economic value of what he is deprived of, there seems to be no better help than to take his average earnings in the past, subject perhaps to the cautions to be found in the English cases. *Phillips* v. *London & Southwestern Railway,* 5 C. P. D. 280, 286, 290 ; *S. C.* 5 Q. B. D. 78, 81, 87 ; 4 Q. B. D. 406, 408. *Armsworth* v. *Southeastern Railway,* 11 Jur. 758, 760, *ad fin. Ehrgott* v. *New York,* 96 N. Y. 264, 275, 276. *New Jersey Express Co.* v. *Nichols,* 4 Vroom, 434, 437. *Pennsylvania Railroad* v. *Dale,* 76 Penn. St. 47. *Welch* v. *Ware,* 32 Mich. 77, 81. *Parshall* v. *Minneapolis & St. Louis Railway,* 35 Fed. Rep. 649, 651. *McNamara* v. *Clintonville,* 62 Wis. 207, 210. *Collins* v. *Dodge,* 37 Minn. 503. *Myhan* v. *Louisiana Electric Light & Power Co.* 41 La. An. 964, 969. See *Ballou* v. *Farnum,* 11 Allen, 73, 79.      *Exceptions overruled.*