[Sac. No. 455. Department Two.—December 22, 1898.]

W. W. GARTHWAITE et al., Executor, etc., Appellants, v. BANK OF TULARE, Respondent.

ACTION UPON CHECK — FORGED INDORSEMENT — DISMISSAL FOR WANT OF PROSECUTION — EVIDENCE — JUDGMENT ROLL IN ACTION TO RECOVER CHECK — PREJUDICIAL ERROR.— Upon a motion to dismiss for want of prosecution an action brought by executors of a deceased person to recover from a bank the amount of a check drawn by it in favor of the decedent, and which had been paid upon a forged indorsement of his name, the check having been delivered up to the executors by the bank a few days prior to the commencement of the action thereupon, a judgment-roll in a former action brought by the decedent to recover possession of the check, showing a want of diligence in its prosecution by him, and its final dismissal after a pendency of four years, is irrelevant and inadmissible in evidence, and its admission must be considered as material and prejudicial error.

APPEAL from a judgment of the Superior Court of Tulare County. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

John Yule, W. W. Cross, J. C. Martin, and John M. Poston, for Appellants.

Davis & Allen, and Bradley & Farnsworth, for Respondents.

THE COURT.—This is an appeal by plaintiffs from the judgment of the court below dismissing the action upon the ground of want of prosecution.

The appellants contend, among other things, that the court below erroneously admitted in evidence the judgment-roll in a former action entitled *B. F. Smith, Plaintiff, v. Bank of Tulare, a Corporation, and Pacific Bank, a Corporation, Defendants,* No. 2340; and this contention must be sustained. The latter action was commenced in the same court in which the case at bar is pending, on August 25, 1890; and its purpose was to recover possession of a certain check or draft drawn by the Bank of Tulare on the Pacific Bank for seven hundred and fifty dollars, payable to the order of the plaintiff therein, B. F. Smith, which check or draft was alleged in the complaint to be unlawfully in the possession of the defendants in said case. It appears that the check was sent by one Lovejoy, who resided at Tulare in Tulare county, to Smith, who resided at Oakland, in Alameda county, through the United States mail, and that it was taken from the postoffice by some person other than Smith, that Smith's name was forged on the back of the check, and that the Pacific Bank paid the amount of the check to the person who presented it, and upon demand refused to deliver the check to Smith. These facts were averred in the complaint in said case, No. 2340, which contained a prayer for the recovery of the possession of the check, or for its value in case a delivery thereof could not be had. That case was pending for about four years; but five days before the commencement of the present action the defendants in the former case delivered up possession of the check to the plaintiffs herein, who are the executors of said Smith, he having died in February, 1893. That action was dismissed by consent of the parties on the day on which this

present action was commenced. The plaintiffs, having recovered possession of the check, brought this action to recover the amount of money expressed on the face of the check, with legal interest. Under these circumstances the judgment-roll in the former case had no relevancy as evidence to the issue presented in the case at bar as to lack of diligence in prosecuting the present action, and it was error to admit it. As objection to the admission of this judgment-roll was specifically made by the appellants and overruled, it must be assumed that the court below considered it material, and attached importance to it. The error must, therefore, be considered as material and prejudicial (*Storch v. McCain*, 85 Cal. 304); and for this error the judgment must be reversed.

The above view makes it unnecessary to consider the point made by respondent that, as the appeal was not taken within sixty days after the judgment, and there was no specification in the bill of exceptions as to the insufficiency of the evidence, therefore the point cannot be considered here that the evidence was not sufficient to support the judgment.

The judgment appealed from is reversed.

Hearing in Bank denied.