CASE 80.—ACTION BY MONTICELLO CONSTRUCTION CO. AGAINST McCONNAGHY TO ENFORCE CERTAIN SUBSCRIPTIONS TO A PROJECTED RAILROAD FROM TATESVILLE TO MONTICELLO, KY.—March 19, 1909.

## McConnaghy v. Monticello Construction Co.

Appeal from Wayne Circuit Court.

WILLIAM H. HOLT, Special Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

Corporations (Sec. 81.)—Subscription to Stock—Liability of Subscriber—Acquiescing in Binding Force of Subscription.—The subscribers to the stock of a corporation to be formed, on the condition that the subscription should not be binding unless a specified sum should be subscribed in good faith, met, passed on the question of the amount of bona fide subscriptions, and proceeded to organize the corporation, electing, as treasurer and director, defendant, who was a subscriber and present at the meeting, and who acquiesced in the action taken. He acted as director for over a month, making no objection that the necessary amount of stock had not been subscribed for in good faith. Held, that his conduct was such as to necessarily induce his associates to believe that he consented to the subscriptions as satisfying the condition, and he could not contend, in an action against him by the corporation to recover his subscription, that it was not binding because the condition as to the amount of bona fide subscriptions had not been fulfilled.

STONE & WALLACE, HARRISON & HARRISON and Mc-QUOWN & BECKHAM for appellant.

CRESS & CRESS and O. H. WADDLE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

This case is in all respects similar to the case of E. O. Stone and Others v. Monticello Construction Company (this day decided) 117 S. W., 369, except that one question is made here which did not arise in those cases. McConnaghy subscribed for 20 shares of stock. When the persons who were getting up the subscriptions had obtained subscriptions amounting to $80,000, they called a meeting of the subscribers. McConnaghy was present at that meeting and presided. At that meeting the question was discussed whether the necessary subscriptions had been raised. The paper was footed up, and thereupon the meeting concluded to organize the company. About three-fourths of the subscribers were present, and they signed the articles of incorporation, McConnaghy among the rest. Thereupon a board of directors was elected, which included McConnaghy. He accepted the position of director and attended several meetings of the board A committee was appointed to make the necessary arrangements with the railroad company and with the contractors. McConnaghy participated in these matters. The committee reported, their report was accepted, and the contracts were closed; McConnaghy being present when the contracts were discussed. He remained a director for something over a month, and then resigned; but at no time during the month did he make any objection that any of the subscriptions had not been made in good faith or were insufficient.

It was distinctly understood at the meeting at which the company was organized that they were organizing because they had secured bona fide subscriptions amounting to $80,000.

We do not decide that McConnaghy would be estopped by acquiescing in the organization of the company that night, if he did not in fact know as much about the subscribers then as he learned afterwards; but he was a managing agent of the corporation. He knew that the subscribers were proceeding upon the idea that the necessary subscriptions had been obtained. His acquiescence in the organizing of the company, and his subsequent action as a director in proceeding with the business of the company, was a consent on his part that the necessary subscribers had been obtained. In any view of the case, it was incumbent on him, when he knew the company was organized and was going on with its business upon the idea that the necessary subscribers had been obtained, promptly to look into the matter and to make known his objections before his associates proceeded further in a matter, where he knew they were assuming that he was consenting to the acceptance of the subscriptions as made in good faith. The company was preparing to assume considerable liabilities, and, while he does show by his own testimony that he objected to the contracts being made, he does not show that he at any time objected on the ground that the necessary subscribers had not been obtained in good faith. His conduct was such as would necessarily induce his associates to understand that he consented to the subscription as satisfying the terms of the written contract. He was in a position where he was bound to speak and act promptly, and where silence necessarily misled his associates, and therefore was equivalent to con-

sent. The managing agent of a corporation, in a matter of this sort stands on a different footing from one of the subscribers who takes no active part in its affairs. His proceeding with the business of the corporation as he did was necessarily a consent on his part to treat the subscriptions as valid, and this consent he cannot withdraw to the prejudice of his co-subscribers. In the case of Stone v. Monticello Construction Company, above referred to, we decided that a subscription was not made in good faith if the directors in the exercise of ordinary prudence should not have accepted it. Whether the necessary subscriptions had been obtained was the first question the directors were to decide. If the necessary subscription had not been raised, there was nothing to do as the company had no means outside of the subscription. It was incumbent on McConnaghy, as one of the directors, to decide whether the necessary subscription had been raised before anything was done by the company. They elected him treasurer, and he accepted the office. His conduct was an acceptance of the subscription for the company, and, after he so accepted it for the company, he cannot be permitted to say for himself against it that the subscription was not sufficient. Under the evidence, the court, for the reasons given, should have instructed the jury peremptorily to find for the plaintiff, and the defendant was therefore not prejudiced by the instructions which the court gave.

Judgment affirmed.