ENTERPRISE SHEET METAL WORKS, RESPONDENT, *v.* SCHENDEL, APPELLANT.

(No. 4,770.)

(Submitted May 25, 1922.  Decided June 19, 1922.)

[208 Pac. 933.]

*Corporations—Stock Subscription Contracts—Full Subscription Before Commencing Business—Waiver—Evidence—Variance Trial—Continuance.*

Pleadings—Complaint—Facts, not Evidence, must be Alleged.
   1.  Only the ultimate facts, and not the evidence to support those facts, should be set forth in a complaint.
Corporations—Stock Subscription Contract—Waiver of Right to Insist on Full Subscription Before Commencing Business.
   2.  In an action to recover the par value of corporate stock upon defendant's subscription contract therefor, acts by the subscriber which evince a willingness that the corporation should commence business with no more capital stock than that already subscribed will amount to a waiver of the defense that the full amount of its capital stock had not been subscribed.
Same—Full Subscription of Stock—Evidence—Waiver—Jury Question.
   3.  Evidence showing that defendant, sought to be held liable on a stock subscription, was one of the active promoters of the corporation, that he induced others to subscribe for stock and agreed to proceed with its formal organization and begin business without waiting for the subscription of all its stock, was elected a director and agreed to attend the first meeting of the board, that after the corporation began business his stock certificate was

---

2.  Liability on stock subscription as dependent on whole amount of stock having been subscribed, see notes in 16 **Ann. Cas.** 1253; **Ann. Cas.** 1918B, 1137.
3.  Waiver of right to avoid stock subscription, see note in **Ann. Cas.** 1915B, 790.

delivered to him and he agreed to pay for it, *etc., held* to have presented a question for the jury to determine whether defendant had waived his right to insist on a full subscription before becoming liable, and that therefore a motion for a directed verdict was properly denied.

Same—Waiver—Evidence—Variance.

4. Evidence tending to prove an agreement among the subscribers to plaintiff's corporate stock, including the defendant, to organize and proceed to do business before the full amount of stock had been subscribed for, was competent on the issue whether defendant had waived his rights under the contract of subscri·tion and did not constitute a variance as tending to prove a new agreement differing from the one sued on.

Trial—Amendment of Reply—Continuance—Denial—When Proper.

5. In the absence of a showing of surprise or that defendant was in any way prejudiced by a denial of his motion for a continuance after plaintiff had been permitted to amend its reply at the close of the evidence, the motion was properly denied.

Corporations—Payment for Stock in Labor or Property—Secret Agreement Among Promoters not Binding on Corporation.

6. Secret agreements by the promoters of a corporation with some of the subscribers permitting them to pay for their stock in labor or property, contrary to their written agreement to pay cash, are not binding on the corporation and therefore do not constitute a defense in its action to recover the amount subscribed.

*Appeals from District Court, Yellowstone County; Chas. A. Taylor, Judge.*

ACTION by the Enterprise Sheet Metal Works, a corporation, against Robert E. Schendel. From a judgment for plaintiff and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

*Messrs. Waldo & Cunningham,* for Appellant, submitted a brief; *Mr. William B. Waldo* argued the cause orally.

*Messrs. Shea & Wiggenhorn,* for Respondent, submitted a brief; *Mr. Thomas F. Shea* argued the cause orally.

MR. COMMISSIONER LENTZ prepared the opinion for the court.

In this action plaintiff seeks to recover of defendant $1,000, the par value of ten shares of plaintiff's capital stock, upon a subscription contract therefor.

On a former appeal, this court held that the original complaint did not state a cause of action, for the reason that it did not disclose that all of the capital stock had been subscribed or that the implied condition of full subscription had been waived. Reference to the former opinion is made for a recital of the subscription agreement and a statement of principles which have now become the law of the case, both here and in the trial below. (55 Mont. 42, 173 Pac. 1059.)

The amended complaint upon which the second trial was had alleges that the plaintiff was duly organized in pursuance of the terms of the subscription agreement and succeeded to all the rights of the signers to the amounts subscribed; that all the conditions of the subscription agreement have been fulfilled, with the exception that the full amount of capital stock set forth therein has not been subscribed; that with full knowledge, both before and after the organization of the corporation, "that the said proposed capital stock was not fully subscribed, and with full knowledge of his rights in the premises by reason of such fact, defendant consented to the organization of said corporation and to the commencement of business by it, participated in the organization thereof, and acted as a director thereof; that plaintiff has issued its stock to its subscribers, including the defendant herein, and has delivered to said defendant ten shares of its capital stock in accordance with his said subscription contract; and that defendant, with full knowledge, as above set forth, accepted the same, and promised to pay to plaintiff his said subscription therefor." The answer, either by general or special denial, puts in issue the allegations of the complaint above quoted, and alleges that before the corporation was organized, defendant became convinced that the full amount of the capital stock could not be obtained and revoked his subscription. As a third and special defense, defendant alleges that contrary to the terms of the subscription agreement, and without his knowledge or consent, certain other subscribers, by secret agreement made at the time they subscribed, were permitted by the promoters to pay their sub-

scription in labor or property instead of the required cash payments, to defendant's prejudice. After its demurrer and motion to strike defendant's third special defense had been overruled, plaintiff replied denying that defendant ever revoked or withdrew his subscription, and admitting that some of the subscribers did pay a portion of their assessments in labor or property, and alleging that this was done with the knowledge and consent of the defendant.

1. Defendant insists that the general demurrer to the complaint, and his objection to the introduction of evidence [1] in its support, should have been sustained, his principal contention in that regard being that according to the former opinion in this cause, there should be a specific allegation of the basis or sources of defendant's knowledge that all of the stock had not been subscribed. There is no merit in the point raised. Only the ultimate facts, and not the evidence to support those facts, should be pleaded.

2. Defendant also contends that his motion for a directed [2] verdict should have been sustained for the reason that there was no sufficient showing that the defendant, with knowledge that the full amount of stock had not been subscribed and of his rights in the premises, waived his right to withdraw, and thereby became liable for his subscription.

The authorities are not agreed as to what acts will constitute a waiver in cases such as this, but it seems to be held generally that acts by the subscriber which evince a willingness that the corporation should commence business with no more stock than that already subscribed will amount to a waiver. In *Masonic Temple Assn.* v. *Channel,* 43 Minn. 353, 45 N. W. 716, the court said: "The safer rule in such a case is that, if his acts are of such a character that either the corporation or subscribers may have been induced by them to act, and will be prejudiced if he be permitted to withdraw, he shall be held to have waived, or to be estopped to assert, the defense. It is immaterial which word is used, except, perhaps, for the sake of strict verbal accuracy. There are a great many decisions

determining what acts will and what will not prevent the sub-scriber making this defense. It would be unprofitable to refer to the cases in detail, for they are not entirely agreed; some cases holding certain acts to be sufficient, others holding sim-ilar acts insufficient. The general rule we deduce from all of them is that participation in acts done for perfecting the or-ganization of the corporation, and setting it on its feet for business—such as preparing and procuring the execution of the articles, procuring subscriptions to its stock, preparing by-laws for its government, and the like—will not be regarded as a waiver of the defense, or as an estoppel against asserting it, for these are things proper, and to some extent necessary, to be done, although the full amount of stock be not subscribed, but that his acts as stockholder or director, the doing of which constitutes a part of the business for which the corporation is formed, and which from their nature assume it to be ready for that business, and evince a willingness to enter upon that business, with the stock already subscribed, will be sufficient.''

The testimony of plaintiff's witnesses, if taken as true, shows [3] that defendant was one of the active promoters of the corporation from its inception; that he induced others to sub-scribe for stock and agreed with the other subscribers to pro-ceed with its formal organization and begin business, without waiting for all the stock to be subscribed, was elected a di-rector, and agreed to attend the first meeting of directors; that at the hour of meeting he announced that he was too busy to attend and signed a written consent that the meeting be held; that he was fully aware that subscriptions had not been obtained for the full amount of stock; that after plaintiff began the transaction of business, defendant's stock certificate was delivered to him and he agreed to pay for it but pleaded for time. While this testimony is largely contradicted by the defendant, if considered in the light most favorable to plain-tiff, it presented a question for the jury as to whether de-fendant had waived his right to insist on a full subscription, and the motion for a directed verdict was properly denied.

(*Masonic Temple Assn.* v. *Channel, supra; Hager* v. *Cleveland,*
36 Md. 476; *Morgan* v. *Landstreet,* 109 Md. 558, 130 Am. St.
Rep. 531, 16 Ann. Cas. 1247, 72 Atl. 399; *California Southern
Hotel Co.* v. *Callender,* 94 Cal. 120, 28 Am. St. Rep. 99, 29
Pac. 859; *McConnaghy* v. *Monticello Const. Co.,* 135 Ky. 667,
117 S. W. 372; *International F. & E. Assn.* v. *Walker,* 83
Mich. 386, 47 N. W. 338; *Macfarland* v. *West Side Imp. Assn.,*
53 Neb. 417, 73 N. W. 736; *New Hampshire Cent. R. R.* v.
*Johnson,* 30 N. H. 390, 64 Am. Dec. 300.)

3. Defendant insists that the admission of evidence tending
[4] to prove an agreement among the subscribers, including
the defendant, to organize and proceed to do business before
the full amount of stock was subscribed, was error, and that it
was proof of a new agreement entirely differing from the one
sued on and constituted a variance. This evidence was com-
petent as bearing on the question of whether defendant waived
any of his rights under the contract sued on. It does not
show that a new subscription contract was entered into, or
that the attempt to secure full subscription was ever aban-
doned, and does not tend in any way to constitute a variance.

4. It is also contended that the court erred in denying de-
[5] fendant's motion for a continuance after plaintiff had
been permitted to amend its reply at the close of the evidence.
There was no proper showing of surprise or that defendant
was in any way prejudiced, and therefore the motion was
properly denied.

5. The court in its instructions correctly withdrew from the
[6] consideration of the jury defendant's third special de-
fense. Secret agreements by the promoters of a corporation,
permitting some of the subscribers to pay for their stock in
labor or property, contrary to their written agreement to pay
cash, are not binding on the corporation, and in an appropri-
ate action it may enforce the payment of such subscriptions
in cash. Hence it is no defense to this action that some of
the subscribers were permitted to pay in labor or property.

In 14 C. J. 577, section 859, the law is stated as follows: "The courts have held with the greatest unanimity that where the contract of subscription is absolute on its face, no extrinsic or collateral agreements between the subscriber and the promoters, directors, or agents of the corporation who procure him to subscribe, not amounting to fraudulent representations on their part, can be shown in evidence for the purpose of discharging or reducing his liability as stockholder or subscriber whether to the corporation or to its creditors"—citing cases from many states.

There are many specifications of error on the giving and refusal to give and modification of offered instructions. The instructions given correctly and amply covered the issues presented by the pleadings and the evidence, and no useful purpose would be served in discussing them.

After a careful consideration of defendant's twenty-one assignments, we have been unable to discover any prejudicial error in the record, and we therefore recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*