## Harlan Coal & Coke Company v. Kinser.

(Decided June 3, 1924.)

### Appeal from Harlan Circuit Court.

1. Pleading—Permitting Reply to be Filed on Date Set for Trial Discretionary.—Permitting reply to be filed on date a case was docketed for trial after several terms had elapsed since filing of answer was discretionary.

2. Continuance—No Abuse of Discretion in Refusal in Absence of Affidavit.—Where court permits reply to be filed on date case docketed for trial, it cannot be said that court abuses its discretion in overruling motion for continuance or postponement, in absence of affidavit showing that defendant is not ready to proceed on issue raised.

3. New Trial—Court Held to Have Erred in Overruling Motion for New Trial.—Court erred in overruling motion for new trial, where it had permitted reply to be filed on date case docketed for trial and overruled motion for continuance, and uncontradicted affidavits showed that defendant understood that plaintiff had died and was not prepared to try case, and that there was a good defense.

RADER & HOWARD for appellant.

J. S. FOSTER and ACREE & BAKER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Thomas Kinser sued the Harlan Coal & Coke Company, seeking to recover the sum of $1,974.90. He alleged a contract by which it agreed to furnish him the casing and pay him $3.00 a foot for drilling 3,000 feet of oil wells; that he undertook the work, but the company stopped him from drilling before the completion of his contract and at a time when he was ready, able and willing to proceed; that it was then indebted to him in the sum of $149.90, and if he had been permitted to complete the contract his profits would have been $1,850.00 additional.

The petition was filed January 11, 1921.· On.April 6, 1921, defendant filed answer. The first paragraph of this was a traverse, the second a counterclaim, in which it was pleaded that the plaintiff had agreed with an unauthorized agent of the company to do certain drilling for it, but for no specified amount; that plaintiff ran an account at its commissary to the extent of $955.69, and at the time he stopped was justly indebted to it for a balance for goods, wares and merchandise in the sum of $258.65, over and above the value of the services he performed for it.

No reply was filed or other steps taken for several terms of court. At the July, 1922, term the case was docketed for trial on the 15th day of the term. On that day the plaintiff, over defendant's objection and exception, filed a reply, traversing the affirmative matter set out in the counterclaim, whereupon defendant moved the court to grant it a continuance or to set the case for a later day in the term. This motion was overruled and defendant excepted. Later, on the same day, a trial was had in the absence of defendant and its counsel, and a verdict rendered for $1,387.00, and judgment entered in accordance therewith.

On the following day defendant filed grounds and entered motion for a new trial and in support thereof filed the affidavits of several of its officers and its attorney. From these affidavits it appears that there were two suits pending against the company, one by Thomas Kinser, this plaintiff, and the other by T. J. Kinser; that defendant had been informed that Thomas Kinser was dead and made no effort to prepare for trial, but had prepared to try the other Kinser case, which was set for the 16th day of the term. Further, that when first sued it employed the law firm of Clay and Carter to defend the case and they had prepared answer and made the other necessary preparations for trial, but those attorneys had withdrawn from its employment a few months previous, and that the company had then employed the firm of Rader and Howard to represent it; that up to this time, though more than a year had elapsed from the filing of the answer, no reply had been filed. The company's agent informed these attorneys of that fact and the further fact that Kinser was supposed to be dead.

In his affidavit, Howard stated that as attorney for appellant he discussed the matter with G. G. Rawlings, who told him that he was Thomas Kinser's lawyer; that

Kinser was dead, and that a motion would be made at the ensuing term for a revivor. Howard relied upon this and made no effort to prepare for trial and was taken by surprise at the filing of the reply.

None of those affidavits were controverted, but it appears that this Thomas Kinser was represented by another firm of attorneys, hence Rawlins' reference must have been to T. J. Kinser.

The affidavits further stated that the company had a good defense and was prepared to try it at any date it had notice. The motion for a new trial was overruled, and this appeal results.

Circuit courts have a wide discretion in permitting pleadings to be filed, and in the discharge of their duties should be prompt and expeditious and require diligence and attention upon the part of litigants. It was within the discretion of the court to permit a reply to be filed. This pleading raised an issue and if defendant was not ready to proceed on that issue it was its duty to file an affidavit for continuance or postponement. In the absence of such showing or any showing on its part we can not say that the court abused its discretion in overruling the motion for continuance or postponement. However, the uncontradicted affidavits filed in support of motion for a new trial, constituted facts justifying the defendant in not making preparation for a trial of the case and authorizing it to have time for that purpose, and under all of the facts and circumstances of the case, constituted grounds for a new trial, and the court erred in overruling that motion.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.