SIMMONS, Respondent, v. LEIGHTON, Appellant.

(244 N. W. 883.)

(File No. 7070.   Opinion filed November 1, 1932.)

*Bailey & Voorhees,* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*Ellwood & Knight* and *W. O. Knight,* all of Sioux Falls, for Respondent.

ROBERTS, J. This action was commenced to recover for personal injuries claimed to have been caused by negligence on the part of the defendant in driving his automobile wherein the plaintiff was riding as an invited guest. The plaintiff at the time of the accident was riding in the front seat of the automobile with the defendant, and plaintiff's wife and child and defendant's wife were riding in the rear seat of the automobile. They were pro-

ceeding north on highway No. 19, and came to a highway intersection near the city limits of Madison, where the driver's view to the right was obstructed by a cornfield. For a distance of three or four hundred feet south from the intersection there is a gradual slope to the intersection. Defendant's car was struck at the intersection by a car approaching from the east driven by one Heck H. Campbell. The evidence tends to show that, when the defendant approached the hill, he was driving at a speed of thirty-five miles per hour, did not lessen the speed of his automobile as he approached the intersection, give any warning signal, or look to the right at the time he entered the intersection. Plaintiff testified that he was engaged in conversation with the occupants of the rear seat as the car approached the hill, and, realizing that the automobile was gaining speed, he turned in the direction in which they were going, and then observed a car approaching from the east, and exclaimed to the defendant, "Look out for that car." Defendant in his testimony said, "I first saw that car that collided with me the minute Mr. Simmons told me about it." From judgment entered on the verdict rendered in favor of the plaintiff and from an order denying motion for new trial, defendant appeals.

Defendant assigns as error the overruling of objection to the asking of each juror on the voir dire examination if he was interested as a stockholder or agent of any insurance company handling liability insurance. The defendant contends that such inquiry of jurors is prejudicial, in that it suggests to the jury that the defendant is insured against the liability sought to be enforced in the action, and will be required to pay the judgment if one is rendered against the defendant. The question of the right to interrogate jurors with respect to their interest in or connection with insurance companies was considered in Morton v. Holscher, recently decided by this court and reported in 60 S. D. 50, 243 N. W. 89. We held therein that such interrogation of jurors is permissible. There is no substantial difference in the form of the interrogatory considered in the Morton Case and those appearing in the case at bar. The trial court committed no error in permitting such examination of jurors.

During the progress of the trial, plaintiff's counsel sought to introduce evidence concerning the earnings of the plaintiff. The

defendant objected to the introduction of such evidence, and the plaintiff thereupon moved to amend the complaint to include a demand for damages in the sum of $1,500 for loss of earnings. Upon the allowance of the amendment, counsel for the defendant made a motion to continue the case over the term, stating that the defendant was surprised, not prepared to meet the issue presented by the amendment, and unable to proceed safely with the trial. The original complaint contained no specific allegation or claim for recovery of damages for loss of earnings. The amendment alleges that the plaintiff is a duly licensed dentist, and prior to the accident was practicing his profession in the city of Sioux Falls; that for a period of three months after his injury he had been unable to follow his occupation as a dentist, and for some time after he resumed work he was able to perform only partial work and that his income was thereby reduced.

The distinction between general and special damages and the necessity of a special allegation to permit proof and recovery of damages is well settled. Special, as distinguished from general, damages are those which are the natural but not the necessary consequence of the act complained of. 17 C. J. 715. The plaintiff under a general allegation of damages may recover all such damages as are the natural and necessary result of such injuries as are alleged for the law implies their sequence. 2 Sutherland on Damages (4th Ed.) § 418. Not every loss which may result from an injury is a natural and necessary result of the injury. To permit recovery of other or special damages, there must be allegation of the specific facts showing such damages to apprise the defendant of the nature of the claim against him. The adjudications are not in accord as to the particularity with which loss of earnings must be pleaded. 8 R. C. L. 623. Whether loss of earnings in an action of negligence for personal injuries is deemed to be general or special damages or whatever may be the correct rule as to the necessity of a specific allegation, it is clearly apparent that loss of earnings could not be regarded as a necessary consequence of the facts alleged in the original complaint. It did not specify the nature of the personal injuries sustained by the plaintiff, and it could not be determined therefrom whether the injuries were of such severity as necessarily to import loss of earnings.

The subject of amendments to pleadings is recognized as a matter of sound judicial discretion in the trial court, and, though an amendment introduces a new issue, no prejudicial error in the allowance of the amendment is shown, in the absence of a motion for continuance or postponement of the trial upon a proper and sufficient showing. Lehman v. Smith et al, 40 S. D. 556, 168 N. W. 857; Cornell v. Johnson et al, 59 S. D. 617, 241 N. W. 740. The fact that a complaint is amended does not of itself entitle the defendant to a continuance. It must appear to the satisfaction of the court that the "party applying therefor is surprised by the amendment and unable to safely proceed with the trial." Section 2377, Rev. Code 1919. Plaintiff did not present an affidavit or other proof in support of his motion, and we cannot say that it should have been apparent to the court without such showing that the defendant was "surprised by the amendment and unable to safely proceed with the trial." This court in the case of Cooper Wagon & Buggy Co. v. Stedronsky Bros. Co., 24 S. D. 381, 123 N. W. 846, laid down the rule of practice that a motion for a continuance on the ground that plaintiff was not prepared to meet a new issue raised by an amendment to the pleadings is properly denied when the motion is not supported by affidavit. This rule finds support in the decisions of other jurisdictions. 13 C. J. 179; Pollock v. Jordon, 22 N. D. 132, 132 N. W. 1000, Ann. Cas. 1914A, 1264; Cheney v. Dry Wood Lbr. Co., 34 Minn. 440, 26 N. W. 236; Enterprise Sheet Metal Works 'v. Schendel, 63 Mont. 529, 208 P. 933; Texas & N. O. R. Co. v. Goldberg, 68 Tex. 685, 5 S. W. 824; Harlan Coal & Coke Co. v. Kinser, 203 Ky. 570, 262 S. W. 937; Storch v. McCain, 85 Cal. 304, 24 P. 639.

Assignments of error 4 and 5 relate to the admission of evidence bearing on the loss of earnings. Plaintiff, a dentist, testified that his average monthly net income during the year preceding the accident was $350. In actions of tort where the quantum of damages is largely within the discretion of the jury, plaintiff may testify to his average earnings, not on the ground of its furnishing a measure of damages to be adopted by the jury, but to aid the jury in estimating a fair and just compensation for being prevented by the injury from engaging in his work or occupation. Bankers' Mortgage Bond. Co. v. Sproull, 220 Ala. 245, 124 So.

907; New Jersey Express Co. v. Nichols, 33 N. J. Law, 434, 97 Am. Dec. 722; Comstock v. Conn. R. & Light Co., 77 Conn. 65, 58 R. 465; Murdock v. N. Y. & Boston Despatch Express Co., 167 Mass. 549, 46 N. E. 57; Chicago, R. I. & P. R. Co. v. Stibbs, 17 Okl. 97, 87 P. 293; 3 Sutherland on Damages. (4th Ed.) § 1246. In Quarnberg v. City of Chamberlain, 29 S. D. 377, 137 N. W. 405, 410, the plaintiff was permitted over objection to testify to the average net profit from his mill, and this court held: "It is competent to prove average net earnings as a basis upon which the jury may estimate loss of profits. City of Terre Haute v. Hudnut, 112 Ind. 542, 13 N. E. 686. The testimony as to net profits in an established business is competent, subject to the right of defendant's counsel to cross-examine as to all matters which may affect the question of profits." There is no essential distinction between the admissibility of evidence of net earnings of plaintiff in his profession and that of net profits in a business.

█ The defendant assigns as error refusal of the trial court to give a requested instruction to the effect that the driver of an automobile owes an invited guest the duty of exercising reasonable care in the operation of the automobile so as not unreasonably to expose the guest to danger and injury by increasing the hazard of travel. The instruction requested was substantially covered in the charge of the court to the jury, and the defendant could not have been prejudiced by the refusal of the court to give the instruction requested.

██ Defendant also assigns as error certain portions of the instructions given by the court. The jury was charged in instruction No. 6 that it was the duty of both the defendant and the driver of the Campbell car as they were driving their motor vehicles and approaching the intersection of the highway, if their view was obstructed for a distance of two hundred feet or less, to slow down and give a timely signal with a bell or horn or other device for signalling, and, if either failed in his duty, such failure would constitute negligence on this part, and in instruction No. 14 the jury was instructed that, if both defendant and Campbell were negligent, and the injury to the plaintiff resulted from the combined negligence of the drivers of both cars, and the plaintiff was not guilty of contributory negligence, then both defendant and

Campbell would be liable to the plaintiff, and plaintiff could recover from either. Instruction No. 6 states a principle of law that was expressed in section 8655, Rev. Code 1919, which was in effect at the time of the occurrence of the accident in question, and the evidence warranted the giving of the instruction. Instruction No. 14 was proper. If injury is caused through the combined negligence of two persons, the cause of action inuring to the injured person from such result is joint and several and recovery may be had against either or both. Berry on Automobiles (4th Ed.) § 221; Lindsay v. Acme Cement Plaster Co., 220 Mich. 367, 190 N. W. 275; Wolfson v. Jewett Lbr. Co., 210 Iowa, 244, 227 N. W. 608, 230 N. W. 336.

██ ██ It is also contended that plaintiff was guilty of contributory negligence as a matter of law; that any negligence chargeable to the defendant under the facts and circumstances was equally chargeable to the plaintiff. The law is not so unreasonable as to charge a guest with the same strict legal duty to keep a lookout and to be watchful as the driver. Martin v. Southern Pac. Ry. Co., 44 Cal. App. 3, 185 P. 1030; Krause v. Hall, 195 Wis. 565, 217 N. W. 290; Boland v. St. L.-San F. Ry. Co. (Mo. Sup.) 284 S. W. 141. We do not think it can be said as a matter of law that it is negligence for a passenger riding in the front seat of an automobile who, realizing that the automobile was gaining in speed, turned around to the front, and, discovering the approach of a car from his right, exclaimed to the driver, "Look out for that car." It is not contended, and the evidence does not disclose, that the attention of the driver was distracted by such exclamation or that it in any manner contributed to the accident. We are of the view that whether or not the plaintiff was chargeable with contributory negligence was a question for the jury and not for the court.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY and WARREN, JJ., concur.

RUDOLPH, J., disqualified and not sitting.