JAMES D. SILSBY v. THE MICHIGAN CAR COMPANY.

*Negligence—Careless driving—Damages—Loss of profits—Pleading —Evidence—Instructions.*

1. Loss of profits must be specially counted upon in order to admit proof of the same as an element of damage in a negligence case; citing *Joslin v. Ice Co.*, 50 Mich. 516.

2. The loss of profits in conducting a business involving the labor of others, arising from the suspension of the business by reason of personal injury to the owner, is not a necessary consequence of such injury, the extent of recovery being what his services were worth in conducting the business; citing 3 Suth. Dam. 268; *Marks v. Railroad Co.*, 14 Daly, 61; *Masterton v. Mt. Vernon*, 58 N. Y. 391; *Johnson v. Railway Co.*, 52 Hun, 111; *Bierbach v. Rubber Co.*, 54 Wis. 208.[1]

3. Error cannot be assigned upon an instruction which embodies in the general charge a request to charge presented by the appellant.

Error to Wayne. (Hosmer, J.) Argued January 20, 1893. Decided April 7, 1893.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

---

[1] For cases involving the question of loss of profits as a measure of damages, see *Atkinson v. Morse*, 63 Mich. 276; *Petrie v. Lane*, 67 Id. 454; *Leonard v. Beaudry*, 68 Id. 312; *Maltby v. Plummer*, 71 Id. 578; *Davis v. Davis*, 84 Id. 324; *Mueller v. Mineral Spring Co.*, 88 Id. 390; *Manufacturing Co. v. Pinch*, 91 Id. 156; *Oliver v. Perkins*, 92 Id. 304.

*Wells, Angell, Boynton & McMillan,* for appellant.

*John Ward,* for plaintiff, contended:

1. It is no objection to the recovery of damages that they are consequential; citing *Booming Co. v. Jarvis,* 30 Mich. 308.
2. As a general thing, in an action purely of tort, where the amount of profits lost by the injury can be shown with reasonable certainty, evidence of such loss is not only admissible, but furnishes a safe measure of damages; citing *Allison v. Chandler,* 11 Mich. 542.

MONTGOMERY, J.    This is an action on the case for personal injuries received by the plaintiff on January 31, 1890.    Plaintiff had verdict, and defendant brings error.

The plaintiff lived on Fifteenth street in the city of Detroit, and about 6:30 in the evening of the day above mentioned he drove with a horse and buggy to Michigan avenue, to get a basket of coal.    He drove his horse close to the curb in front of the coal yard.    When the coal had been put into the buggy, and just as he was about to drive away, a truck belonging to defendant, coming up from behind, struck the near hind wheel of his buggy.    The force of the blow threw the plaintiff backward out of his buggy onto the pavement, and injured his knee and arm. The plaintiff, at the time of the injury, was 41 years of age.    His business was manufacturing furniture.    He rented a shop, hired the help, and worked with them, overseeing the work.    He made from his business from $600 to $800 a year.    By reason of his injury he claims that he was compelled to close his shop, and open it afterwards only temporarily for the purpose of selling out the stock.

1. It is claimed by the defendant that there is no evidence to sustain the plaintiff's cause of action, for the reason that, as it insists, there was no one in charge of the team and truck at the time of the injury.

Defendant's driver who had charge of the team and

truck that day testified that before the accident occurred, and as he turned upon Michigan avenue, he was sitting on a box on his truck; that the front wheel of the truck struck down into a hole in the pavement, when he was thrown off from the box, and in falling let go of the lines, and his team started off, and before he overtook them the truck struck the plaintiff and caused the injury. The plaintiff testified upon this subject that as the truck struck his buggy, and as it passed, he first saw a man on the truck, but could not tell who he was. He saw this as he was falling from the buggy. The patrolman on duty there testified that defendant's driver said to him, as he came back where the injury occurred, that the box tipped over on the truck, and the horses got the better of him, but he did not say that he fell entirely off. The patrolman saw the driver after the accident occurred, and before he came back to the scene of the injury, and he was then on the truck driving in the regular way.

The negligence charged in the declaration is that the defendant, by its servant, so carelessly and improperly drove, governed, and directed its said truck and horses that by and through the carelessness, negligence, and improper conduct of said defendant, by its said servant in that behalf, said truck of defendant, without fault or neglect of the plaintiff, then and there was driven by said servant into and struck the said buggy of plaintiff with great force and violence, and thereby the plaintiff was then and there cast out and thrown with great violence from said buggy to and upon the pavement of said street.

The court charged the jury, under the evidence above stated, in accordance with this allegation in the declaration, that if they believed that this driver was in charge of the team at the time the accident occurred, and that by reason of his negligence the collision occurred, inasmuch as there was no claim of any contributory negligence, the

defendant would be liable to pay such damages as the jury should find the plaintiff had suffered by reason of the accident.

We think there was ample evidence to go to the jury upon the question of whether the driver was upon the truck at the time the accident occurred, and that the court properly submitted that question to the jury for their determination.

2. It is claimed that the court, in its charge, submitted an issue not made by the declaration, and thus permitted a recovery, notwithstanding a variance. The claim made by the declaration as to the manner in which the accident occurred has already been stated, and involved the claim that the team was in charge of the driver at the time. The charge of the learned circuit judge upon this subject was as follows:

"The owner or driver of the horses being driven along the highway is not responsible for the consequences of his horses running away, or for injuries inflicted while his horses were out of his control, providing he has used reasonable care in driving and controlling them. That, gentlemen of the jury, is unquestionably so, because all we can expect of humanity is that reasonable care which a reasonably prudent person does use in the management of the ordinary affairs of life. I charge you that the horses and truck of the defendant were being lawfully used upon the highway at the time of the collision with plaintiff's buggy; and if the collision occurred while the driver had temporarily lost control of the horses by reason—if you should find that he was thrown from the truck in the manner that he has described, but if his loss of control was not the result of want of care on his part, the collision must be regarded as accidental, and the plaintiff could not under those circumstances recover."

The charge is not subject to the objection urged. It is claimed that the jury might have inferred from the instruction that, if the team was out of the control of the driver at the time of the collision, this would not prevent

recovery, provided the jury found that the loss of control was the result of want of reasonable care on his part. There are two answers to this claim: First, that the circuit judge distinctly told the jury that—

" If the driver was thrown from the truck as claimed by him, then I charge you there is no evidence of want of proper care upon his part."

And again:

" So, if you find that the driver was thrown from the truck as claimed by him, then, under those circumstances, your verdict must be for the defendant."

And again:

" So I charge you in this case that if you find that the driver was not on the truck at the time the collision occurred, as testified to by the driver, Mishafski, and the other witnesses who have testified to that point, there could be no recovery under the declaration, and under those circumstances the verdict must be for the defendant."

He had previously instructed the jury as follows:

" I want to say that because an accident has happened it does not necessarily follow that any one has been guilty of negligence."

He concluded his instructions by saying:

" But if you find that the driver was not there, and that it was an unavoidable accident, then, and under those circumstances, as I have already told you, your verdict must be for the defendant."

There was no room for the jury to misapprehend the import of these instructions. They were clear, and covered the law as claimed by the defendant.

But a further answer to the objection is that the very instruction which is now claimed by implication to have given the jury to understand that, if the accident occurred while the horses were free from the driver's control, yet, if the loss of control was the result of want of care on his part, the defendant would still be liable for the collision,

resulted from embodying in the charge of the court the defendant's fourth request, which was as follows:

" The horses and truck of the defendant were being lawfully used upon the highway at the time of the collision with the plaintiff's buggy, and if the collision occurred while the driver had temporarily lost control of the horses, and if his loss of control was not the result of want of reasonable care on his part, the collision must be regarded as accidental, and the plaintiff cannot recover."

3. It is claimed that the court erred in permitting the plaintiff to show as an element of damage that he had been obliged to close his shop, and further to show what the profits of his shop had been in the past. A majority of the Court are of opinion that the objection to this testimony was sufficient to apprise the court below and the plaintiff of the point relied upon.[1] This being conceded, it follows that there was error in the ruling. The declaration did not count specially upon this alleged loss of profits, and the case falls within *Joslin v. Ice Co.*, 50 Mich. 516. Furthermore, the loss of profits in conducting a business involving the labor of others is not a necessary consequence of personal injury to the plaintiff. The extent of his recovery upon this ground would be what his services were worth in the conduct of such a business as he was engaged in. 3 Suth. Dam. 268; *Marks v. Railroad Co.*, 14 Daly, 61; *Masterton v. Mt. Vernon*, 58 N. Y. 391; *Johnson v. Railway Co.*, 52 Hun, 111; *Bierbach v. Rubber Co.*, 54 Wis. 208 (11 N. W. Rep. 514).

Judgment reversed, and a new trial ordered.

HOOKER, C. J., McGRATH and LONG, JJ., concurred with MONTGOMERY, J.

GRANT, J., concurred in the result.

[1] The testimony was objected to as immaterial.