JOHN BRAITHWAITE *vs.* FRANK HALL.

Middlesex.    January 22, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Measure of Damages — Declaration — Demurrer — Exceptions.*

In an action for injuries to the plaintiff's person and bicycle, a demurrer to a declaration which alleges that, on a certain day while riding his bicycle on M. Street in the city of C., in the exercise of due care, he was run over by the defendant's horses and carriage, negligently driven by a servant of the defendant while acting in the scope of his employment, and was severely injured and his bicycle was demolished, is properly overruled.

In an action for personal injuries alleged to have been occasioned to the plaintiff by the negligence of the defendant's servant, the defendant has no ground of exception to an instruction to the jury that, if the plaintiff was entitled to recover at all, he was entitled to compensation for the wages actually lost by him through his inability to work at his trade on account of the injuries sustained by him.

TORT, for injuries occasioned to the plaintiff's person and bicycle by being run over by a pair of horses attached to a hack and driven by the defendant's servant.

The declaration was as follows: " And the plaintiff says that on the thirtieth day of May, 1895, while riding his bicycle on Mount Auburn Street in the city of Cambridge, in this Commonwealth, and while in the exercise of due care, he was run over by the defendant's horses and carriage, negligently driven by a servant of the defendant while acting in the scope of his employment. Whereby the plaintiff was severely injured, made

sick, put to great expense and loss of time, and whereby his bicycle was demolished."

The defendant demurred to the declaration, assigning as grounds therefor that it set forth no cause of action in law against the defendant; that it nowhere averred that the alleged injuries were incurred by reason of any fault or negligence or tortious act of the defendant, or for which the defendant was liable; that it nowhere averred that the alleged servant of the defendant was engaged at the time upon the defendant's business; and that, if it stated any cause of action, it joined in one count two separate and distinct grounds of action.

Not waiving the demurrer, the defendant filed an answer setting up a general denial and want of due care on the part of the plaintiff.

In the Superior Court the demurrer was overruled, and the plaintiff appealed. Trial before *Blodgett,* J., who, in instructing the jury on the matter of damages, ruled, among other things, that, if the plaintiff was entitled to recover at all, he was entitled to compensation for the wages actually lost by him through his inability to work at his trade on account of the injuries sustained by him through the negligence of the defendant's servant. To this ruling the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. F. Simmons,* for the defendant.

*D. D. Corcoran,* for the plaintiff, submitted the case on a brief.

HOLMES, J. The demurrer must be overruled. The meaning of the declaration is plain and sufficient. Nowadays we do not require pleadings to be guarded against all the possible distortions of perverse ingenuity. The single collision which caused the damage to the plaintiff's person and to his bicycle was one cause of action. " Un trespasse ne serra mye deux foitz puny." Y. B. 5 Ed. II. 134, 135. *Doran* v. *Cohen,* 147 Mass. 342, 344. *Bliss* v. *New York Central & Hudson River Railroad,* 160 Mass. 447, 455.

The ruling as to damages was correct. It is true that, when a man is allowed to prove his average earnings or the wages actually lost by him, they are proved as a measure of the value of the time and power to labor of which he has been deprived, not

as themselves recoverable *eo nomine.*   But the distinction does not appear to be material in this case.   There is nothing to show that the wages were not reasonable, and a proper measure of the value of the plaintiff's time.   It is argued for the defendant, that the true measure is the market value of the average wages of a man of the plaintiff's average capacity working in the same employment.   But the cases cited do not sustain the position, and there are many decisions adopting the test of the individual's experience.   If any distinctions in the value of men's time are admitted there is no reason why the whole actual difference should not be recognized.   To this extent a tortfeasor takes the risk of the value of what he destroys.   *Murdock* v. *New York & Boston Despatch Express Co.* 167 Mass. 549, and cases cited. See also *Lake Shore & Michigan Southern Railway* v. *Frantz,* 127 Penn. St. 297, 308.

*Demurrer overruled ; exceptions overruled.*