SUMNER ROBINSON *vs.* WILLIAM O. WILEY & others.

Suffolk.    May 17, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Assignment*, For benefit of creditors.

A right of action of a depositor against a bank, for wrongfully refusing to honor his checks when it had sufficient funds to his credit, is founded on a breach of contract and passes under a common law assignment made by the depositor for the benefit of his creditors.

BILL OF INTERPLEADER, filed in the Supreme Judicial Court on November 5, 1893, by the surviving partner of the law firm of Blaney and Robinson, who acted as counsel for the plaintiff in the case of *Wiley* v. *Bunker Hill National Bank*, reported in 183 Mass. 495, to determine whether the money recovered in that action should be paid to the defendant Wiley, the plaintiff in that action, or to the defendants Bullard and Wild, assignees under a common law assignment for the benefit of creditors

made by the defendant Wiley on February 21, 1898, the above named action having been begun on February 25, 1898.

The case came on to be heard before *Hammond*, J., who reserved it for determination by the full court.

*W. H. Preble & S. H. Tyng*, for the defendant Wiley.

*C. W. Bartlett, E. R. Anderson & A. T. Smith*, for the defendants Bullard and Wild.

BRALEY, J. The fund in the possession of the plaintiff is the avails of the judgment recovered in *Wiley* v. *Bunker Hill National Bank*, 183 Mass. 495. It belongs to the plaintiff in that action, who is a claimant here, unless under the assignment made by him for the benefit of his creditors his title passed to the assignees, who began and prosecuted the action. In the granting part of the instrument he conveys to them "all his . . . property and choses in action of every name, nature and description . . . except such property only as is exempt by law from attachment."

The language employed is comprehensive, and must be held to have conveyed all his title in any personal property, or rights of action he then owned, or possessed, and which were assignable.

Under the clause of exemption, which follows the form commonly used, the parties evidently intended to exclude from the conveyance the class of property that is exempt from seizure on an execution against the judgment debtor by the provisions of Pub. Sts. c. 171, § 34.

Up to the time of his failure the assignor had been engaged in buying and selling wood and coal, and kept an account with the Bunker Hill National Bank, upon which he drew checks in the ordinary course of his business. Having a sufficient balance for this purpose he drew a check in favor of third parties which upon presentation the bank wrongfully refused to honor. In consequence of this it was contended in the original suit that his credit had been impaired; that he had suffered pecuniary loss, and was thereby rendered insolvent.

The strongest contention of the defendant Wiley rests upon the ground that the injury to his credit thus caused was purely personal, and essentially slander. If this view is upheld, then the act of the bank was a pure tort, and his right of recovery

for the wrong was unassignable. *Rice* v. *Stone*, 1 Allen, 566, 569, 570. *Linton* v. *Hurley*, 104 Mass. 353. *Comegys* v. *Vasse*, 1 Pet. 193, 213.

Independently of the contract he had no cause of action. The refusal to pay his check was not a positive personal wrong distinct in itself for which alone a suit could have been maintained for injury to his feelings, but it was inseparable from the contract. *Drake* v. *Beckham*, 11 M. & W. 315, 319.

The ability of a trader to borrow money usually depends on the belief of the lender that the debt will be paid, and whatever tends to lower the financial standing of the borrower impairs his financial credit in the market. When checks given by him to his creditors are not paid upon presentation to his bankers, his financial standing, in the absence of satisfactory explanation, usually becomes impaired, and if not retrieved it may cause loss of customers, and finally ruin his business, with which may be associated a valuable right of good will. *Angier* v. *Webber*, 14 Allen, 211. *Moore* v. *Rawson*, 185 Mass. 264, 272, 273.

Such a result may be brought about in various ways. If accomplished by the circulation of false reports, it is slander or libel according to the form of defamation used, and the right of action dies with the person, but where it takes the form of a breach of contract then the remedy is under the contract for damages, not to his person, but to his business, which must be considered as property.

While it may be true that a merchant in good standing when subjected to the indignity of having his checks dishonored by a banker, with whom at the time there are sufficient unencumbered funds to pay them, suffers mental distress, the wrong inflicted is not to the person of the drawer, such as arises from defamation of character, or restraint of liberty, but springs from the banker's failure to perform his contract. *Wiley* v. *Bunker Hill National Bank, ubi supra,* at page 496, and cases cited. *Heath* v. *New Bedford Safe Deposit & Trust Co.* 184 Mass. 481.

It is sometimes said that the test of assignability depends upon the question whether the cause of action would survive the death of the assignor. *Stebbins* v. *Palmer*, 1 Pick. 71, 78, 79. *Comegys* v. *Vasse, ubi supra.* But if this is considered as affording the true standard by which to determine the quality of the

claim then the right to sue for the damages suffered would have survived to Wiley's personal representatives. *Stebbins* v. *Palmer, Wiley* v. *Bunker Hill National Bank, ubi supra.*

If instead of a voluntary assignment for the benefit of his creditors the debtor had taken advantage of our laws relating to insolvency his assignee indeed would not have been vested with any claim for damages for personal injuries suffered by the insolvent, because it is not a right of property until judgment has been obtained. *Stone* v. *Boston & Maine Railroad,* 7 Gray, 539. See *Billings* v. *Marsh,* 153 Mass. 311, 313. But a cause of action for breach of a contract made with the insolvent debtor, together with all incidental damages, would have passed. *Lothrop* v. *Reed,* 13 Allen, 294, 296.

In the instrument before us the terms employed to transfer title are fully as comprehensive as those used in Pub. Sts. c. 157, § 46. The object to be accomplished, which is the distribution of the debtor's property ratably for the benefit of his creditors, is the same in each case, and no sufficient reason appears why a different rule should be adopted whether the assignment is made by force of law, or where it is voluntary, if the language employed to transfer the debtor's right of property is susceptible of a similar construction.

It follows that the defendants, John C. Bullard and Benjamin F. Wild, as assignees, are entitled to the money now in the possession of the plaintiff.

*Decree accordingly.*