RICHARD C. SIBLEY *vs.* GEORGE W. NASON.

Suffolk. March 13, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence. Evidence,* Admissions and confessions. *Practice, Civil,* Conduct of trial. *Bankruptcy. Damages.*

One who, in proceeding to board an open electric car at a crowded corner, crosses the street ten feet in front of an approaching dray drawn by a pair of horses at a walk, when he has placed both feet on the running board of the car has a right to assume that he has reached a place where he need pay no further attention to the team, and if, while he is standing on the running board looking for a seat and is on the point of stepping within the car, he is struck by the hub of a wheel of the dray, in an action against the owner of the dray for his injuries thus caused he can be found to have been in the exercise of due care.

It is the duty of the driver of a pair of horses attached to a dray, when driving them in a city street, to guide them in such a manner as not to injure persons rightfully upon the running board of an open electric car.

In an action for personal injuries from being struck by the hub of a wheel of a dray, the horses attached to which were alleged to have been driven negligently by a servant of the defendant, the defendant refused to admit that he owned

the team, and the plaintiff, against the defendant's objection, was allowed to put in evidence a report, apparently addressed to an insurance company, in which the defendant stated, among other things, that he was the owner of the team.   On an exception to the admission in evidence of this report, it did not appear by the copy of the report annexed to the bill of exceptions for what purpose it was made or whether the defendant was insured.   *Held,* that the statement of the defendant in the report was an admission of a material fact and properly was admitted in evidence; that, if it had appeared by the report that the defendant was insured, this would not render incompetent the material statement signed by him; and that it was a matter for the discretion of the presiding judge whether to permit the report to be taken by the jury to their room.

Under the bankruptcy act of 1898, § 70 a, the rights of a bankrupt in an action for personal injuries pending at the time of his adjudication in bankruptcy do not pass to his trustee in bankruptcy.

In an action for personal injuries, where the plaintiff was adjudicated a bankrupt while the action was pending, the defendant contended that the plaintiff was not entitled to recover as an element of damage the amount of the wages which he was prevented by his injuries from earning between the date of the accident and his adjudication in bankruptcy.   *Held,* that the contention could not be sustained, first, because under the bankruptcy act property acquired by the bankrupt between the date of the filing of the petition and that of the adjudication in bankruptcy does not pass to the trustee in bankruptcy, and, secondly, because the plaintiff did not claim this amount of money as earnings but merely proved the loss of his earnings to show as an incidental element of damage the value of his time while prevented from working by reason of the negligence of the defendant.

In an action for personal injuries, where the plaintiff was adjudicated a bankrupt while the action was pending, the defendant contended that the plaintiff was not entitled to recover for debts incurred for physicians' services which never were paid by him and which had been proved against his estate in bankruptcy or included in his schedules.   *Held,* that, assuming that the debts incurred for physicians' services would be barred by the plaintiff's discharge in bankruptcy, this was not through any virtue of the defendant, and that the plaintiff could recover in his damages the charges for physicians' services if they were found to be reasonable.

Tort, originally brought against two defendants, George W. Nason and George E. McLellan, for personal injuries incurred on July 11, 1902, while the plaintiff was about to enter a street car on Congress Street in Boston, by reason of the negligence of the driver of a pair of horses attached to a dray who was alleged to have been a servant of the defendants.   Writ dated August 9, 1902.

Later the plaintiff discontinued the action against the defendant McLellan but not as to the defendant Nason.

In the Superior Court the case was tried before *Sherman,* J. The findings justified by the evidence and the course of the trial are described in the opinion.

The defendant asked the judge to make the following rulings :

1. That upon all the evidence the plaintiff is not entitled to recover.

2. That the plaintiff was not in the exercise of due care and therefore is not entitled to recover.

3. That there is no evidence of any negligence on the part of the defendant's servant and therefore the plaintiff cannot recover.

4. The plaintiff, having been adjudicated a bankrupt subsequent to the commencement of this action, cannot prosecute the same and therefore is not entitled to recover.

7. If the plaintiff is entitled to recover, he cannot recover for debts incurred for physicians' services, which debts have never been paid by him but have been proved against his estate in bankruptcy or included in the schedules in bankruptcy.

8. If the plaintiff is entitled to recover, the market value in the kind of business in which he was engaged, if any, of his services from the time of the accident to the time of his adjudication in bankruptcy cannot be taken into consideration in determining the amount of damages, if any.

9. If the plaintiff is entitled to recover, the fair value of the time lost as a result of the injury from the date thereof to the date of the adjudication of bankruptcy cannot be considered as an element of damage.

The judge refused to make any of these rulings, and submitted the case to the jury. Upon the matter of the debts incurred for physicians' services, he instructed them as follows:

" One question is raised about his doctors' bills, the bill of six hundred dollars and the bill of ninety-five dollars, if I am right about the amount. There has been some question of whether he has a right to recover that, and the question of bankruptcy, was discussed, and the fact that he had his discharge in bankruptcy, and that he would not have to pay the six hundred dollars and the ninety-five dollars. Well, I rule to you, for the purposes of the trial, that he is entitled to recover that if you find that it is a reasonable bill, although he would not be obliged to pay it. I think that is the law, gentlemen. I think he is entitled to recover that sum, and whether it seems to you equity or not, need

not trouble you. I rule to you that if he is entitled to recover, if you find those two sums reasonable sums, he is entitled to recover for those two sums ; but he can recover only such sums for medical services as are reasonable charges."

The jury returned a verdict for the plaintiff in the sum of $1,070, including $695 for physicians' services and $375 for other damages. The defendant alleged exceptions.

*E. C. Stone*, for the defendant.

*H. F. Lyman*, for the plaintiff, was not called upon.

RUGG, J.   Four contentions have been argued in behalf of the defendant.   His other exceptions are treated as waived.

1. It is urged that there was not sufficient evidence to warrant a finding of due care on the part of the plaintiff.   He had boarded an electric street car at a crowded corner and was standing, momentarily, with both feet upon the running board, looking for a seat and on the point of stepping within the car. He crossed the street about ten feet in front of the approaching dray of the defendant drawn by two horses, which were walking, and paid no attention to it after reaching the running board.   He was warranted in assuming that he had reached a place, where he need pay no further heed to such a team. *Spofford* v. *Harlow*, 3 Allen, 176.   *Powers* v. *Boston*, 154 Mass. 60.   *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507.   This exception must be overruled.

2. There was evidence which justified a finding that the defendant's driver was negligent.   There was no conflict of testimony that the dray was so driven that the hub of one wheel crushed the ankles of the plaintiff, while he was upon the running board of a car, which had stopped before he left the curb of the sidewalk to board it.   He passed in front of the defendant's horses to reach the car.   All this happened at about half past five o'clock on a sunny afternoon.   It is difficult to see how the jury could have reached any other conclusion than that the teamster was negligent.   A team must be so guided as not to injure people rightfully upon the running board of a street car. The distinction is plain between this situation and *Holt* v. *Cutler*, 185 Mass. 24, relied upon by the defendant.

3. At the trial the plaintiff requested the defendant to admit that he owned the team, which was alleged to have caused the

accident. This the defendant refused to do. No criticism can be made of this refusal, as he was under no obligation to help the plaintiff prove his case. It then became a material issue to show that the dray, which caused the injury, was at the time being used in the service of the defendant. As one link in making the chain of evidence necessary to connect the defendant with the accident, it was competent to show that the defendant owned the team. It is conceivable that this fact, coupled with other circumstantial evidence, might be sufficient. *Commonwealth* v. *Sherman*, 191 Mass. 439. *Norris* v. *Anthony*, 193 Mass. 225. As tending to prove ownership of the team by the defendant, there was admitted in evidence a report signed by the defendant, produced by one Havens, a resident manager of the Maryland Casualty Company, in which the defendant stated, among other things, that he was the owner of the team. This was a statement of a material fact in the nature of an admission. It does not appear from the copy of the report annexed to the bill of exceptions, for what purpose it was made, or that the defendant was insured, but even if that fact did appear, it would not render incompetent a statement signed by the defendant. *Perkins* v. *Rice*, 187 Mass. 28. It was discretionary with the trial judge whether to permit this exhibit to be taken by the jury to their room.

4. Several questions are raised respecting the effect upon the plaintiff's right to maintain his action and the damages he may recover, growing out of the fact that in March, 1904, he was duly adjudged a bankrupt and that the ordinary proceedings were had, the accident having occurred on the eleventh day of July, 1902, and this action having been begun on the ninth of August, 1902. It first is urged that the plaintiff is debarred from the right to maintain his action by reason of the bankruptcy. The bankruptcy act (U. S. St. July 1, 1898, c. 541) provides in § 70 a, that, "The trustee . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, . . . to all (5) Property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him . . . (6) rights of action arising upon contracts or from the unlawful taking or detention of, or

injury to, his property." This action having been brought for damages to the person of the plaintiff, could not by any means have been transferred by him. *Rice* v. *Stone,* 1 Allen, 566. *Robinson* v. *Wiley,* 188 Mass. 533. *Flynn* v. *Butler,* 189 Mass. 377, 389. It was not property nor a right of property until it was reduced to a judgment. *Stone* v. *Boston & Maine Railroad,* 7 Gray, 539. It could not be reached by trustee process. *Thayer* v. *Southwick,* 8 Gray, 229. *Wilde* v. *Mahaney,* 183 Mass. 455. Nor could it be reached in equity by a creditor's bill. *Bennett* v. *Sweet,* 171 Mass. 600. *Billings* v. *Marsh,* 153 Mass. 311. The liability being disputed, the claim was not subject to taxation and therefore could not be levied upon or reached by the assessor or tax collector. *Deane* v. *Hathaway,* 136 Mass. 129. Thus it appears that the claim which the plaintiff was prosecuting against the defendant is not properly described by any of the phraseology in sub-section (5). Sub-section (6) is limited to rights of action arising upon contract or respecting property and does not include an action of tort for personal injuries. It is not, and never has been, the policy of the law to coin into money for the profit of his creditors the bodily pain, mental anguish or outraged feelings of a bankrupt. None of the federal or English bankruptcy acts, nor our own insolvency statutes, have gone to that length. It has been held that the following actions do not pass to the trustee or assignee : malicious prosecution, *In re Haensell,* 91 Fed. Rep. 355, *Noonan* v. *Orton,* 34 Wis. 259, *Francis* v. *Burnett,* 84 Ky. 23 ; slander, *Dillard* v. *Collins,* 25 Grat. 343 ; seduction of servant, *Howard* v. *Crowther,* 8 M. & W. 601 ; malicious attachment, *Brewer* v. *Dew,* 11 M. & W. 625 ; deceit, *In re Crockett,* Fed. Cas. No. 3402 ; malicious trespass, *Rogers* v. *Spence,* 12 Cl. & Fin. 700 ; trespass to ship, *Bird* v. *Hempsted,* 3 Day, 272 ; trespass accompanied by personal annoyance, *Rose* v. *Buckett,* [1901] 2 K. B. 449 ; negligence of an attorney, *Wetherell* v. *Julius,* 10 C. B. 267. See *Tinker* v. *Colwell,* 193 U. S. 473.

It also is urged that the plaintiff is not entitled to recover, as an element of damage, for the wages, which he would have earned between the date of his accident and his adjudication in bankruptcy. If the defendant's requests for instructions be construed narrowly, they were refused properly, for the reason

that under the bankruptcy act property acquired between the date of the filing of the petition and the date of the adjudication in bankruptcy does not pass. But looking at the question broadly, the contention cannot be sustained. The cause of action for which the plaintiff was entitled to recover damages on account of the pain and suffering, which he had endured and was likely to endure, as well as his loss of time, was indivisible. *Doran* v. *Cohen*, 147 Mass. 342. Moreover, the wages, which the plaintiff might have earned, if not injured, are not strictly recoverable. The value of his time, while prevented from working by reason of the negligence of the defendant, is a proper element to be considered in fixing the damages. *Braithwaite* v. *Hall*, 168 Mass. 38. *Whipple* v. *Rich*, 180 Mass. 477. The personal injury is the gist of the action. The other elements of damage are incidents only of this main cause of action. Prayers eight and nine were therefore properly refused.

The final question argued was that the plaintiff was not entitled to recover for debts incurred for physicians' services, never paid by the plaintiff, but proved against his estate in bankruptcy or included in his schedules. A plaintiff in an action for personal injury is entitled to recover for reasonable expenditures for nursing and physician's care rendered necessary by the wrongful act of the defendant. *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261. *McGarrahan* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 211. *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557. *Scullane* v. *Kellogg*, 169 Mass. 544. It may be assumed that the bills incurred by the present plaintiff for physicians' services would be barred by his discharge in bankruptcy. This fact, however, does not prevent the plaintiff from treating such obligations as debts of honor. It is through no virtue of the defendant that the plaintiff will be enabled to interpose any defence to the payment of a reasonable charge for these services for the amelioration of his suffering, but rather the clemency of the law to his financial distress. Under these circumstances, the law ought not to prevent or discourage the exercise of a debtor's conscience respecting his past indebtedness. See *Klein* v. *Thompson*, 19 Ohio St. 569 ; *Denver & Rio Grande Railroad* v. *Lorentzen*, 79 Fed. Rep. 291.

*Exceptions overruled.* .