CORNELIUS W. STYNES *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.    March 17, 1910. — May 18, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Damages,* In actions of tort, For loss of earning capacity.    *Evidence.*

In an action against a street railway company for personal injuries by the propri-
etor of a business of buying, cleaning and repairing second hand barrels and
then selling them, the plaintiff may recover for impairment of his earning capac-
ity due to the injuries he received, and, as bearing upon the question of the ex-
tent of such impairment, he may introduce evidence as to the nature and extent
of his employment and of the importance of his personal oversight, and he
therefore may show that because of his injuries he was compelled for some
months to employ servants to perform work formerly done by himself; but evi-
dence as to the amount of compensation which was demanded or received by
such servants should be excluded.

TORT for personal injuries alleged to have been received from
a collision between an electric car of the defendant and a horse
and wagon which the plaintiff was driving.    Writ dated April 17,
1906.

The case was tried before *Hitchcock,* J,    There was evidence
upon which the jury were warranted in finding that the plaintiff
was in the exercise of due care, that the defendant was negligent
and that the plaintiff was injured.    The jury found for the plain-
tiff; and the defendant alleged exceptions to the admission of
evidence on the question of damages.

The facts are stated in the opinion.

*H. D. McLellan,* for the defendant.

*R. H. Sherman,* for the plaintiff.

BRALEY, J.    The plaintiff when injured was engaged in buy-
ing second hand barrels, which, after they had been cleaned and
repaired, he put upon the market and sold.    By his personal
efforts a profitable business had been established, which was se-
riously interrupted by his being wholly unable to carry it on for
some time after the injury; and it was not until a somewhat
long period of partial incapacity had elapsed that he could re-
sume full control.    The defendant, while conceding that the
plaintiff was entitled to damages for physical and mental pain

and suffering, with the expenses incurred for medical attendance and nursing, and to be fully recompensed for loss of time and for partial or permanent disability, contends that evidence of the employment of those whom he hired to perform his work at the shop while disabled and of the amount of wages he paid to them was erroneously admitted. In form and substance the plaintiff seeks to recover damages which necessarily resulted from the personal injuries inflicted by the defendant's wrong.

The impairment of earning capacity is generally regarded in suits of this character as a very appreciable and well recognized element of damage. To prove the value of the deprivation the plaintiff may introduce evidence not only of his average earnings before and after the injury, but of his diminished capacity for labor, or of his entire loss of ability to earn money in the future. If because of greater skill he received higher wages than the ordinary workman in the same calling, this fact may be shown, or, if described as a physician, his professional reputation and the fact of his having had a lucrative practice before the accident which had diminished because of it, are admissible, even if these circumstances ordinarily tend to prove that the plaintiff's time was of more than usual importance as compared with the average workman or medical practitioner. *O'Brien* v. *Look*, 171 Mass. 36. *Murdock* v. *New York & Boston Despatch Express Co.* 167 Mass. 549, 550. *Conklin* v. *Consolidated Railway*, 196 Mass. 302, 307. *Sibley* v. *Nason*, 196 Mass. 125. *Braithwaite* v. *Hall*, 168 Mass. 38, 40. *Holmes* v. *Halde*, 74 Maine, 28. *McNamara* v. *Clintonville*, 62 Wis. 207. *Wade* v. *Leroy*, 20 How. 34. The reason is given by Holmes, J., in *Braithwaite* v. *Hall*, 168 Mass. 38, 40, where after having stated that such evidence was admissible under a declaration alleging general damages, he continued, " If any distinctions in the value of men's time are admitted there is no reason why the whole actual difference should not be recognized. To this extent a tortfeasor takes the risk of the value of what he destroys."

It is however to be remembered, as often pointed out, that such inquiries are descriptive only of the plaintiff's loss of earning power, and the estimated income based upon previous earnings, which if it had not been for the injury he probably would have received, cannot as such be considered an element of dam-

ages. The principle upon which these decisions rest, is, that the plaintiff can recover only for the loss or impairment of his productive power as an individual, which may be ascertained and estimated according to the nature and scope of his employment, calling, or profession.

If in the case at bar the plaintiff's physical or mental disability, or both combined, prevented him from performing his accustomed work, whether it consisted in manual labor or in the discharge in combination with such labor of the duties required to manage the business as skilfully as before, it was competent in proof of damages for him to introduce evidence of the nature and extent of his employment, with the importance of his personal oversight, in order that the jury might be able to estimate the fair value of all the services out of which he acquired a livelihood, and of which he had been deprived. *Ballou* v. *Farnum,* 11 Allen, 73, 79. *George* v. *Haverhill,* 110 Mass. 506. *Turner* v. *Boston & Maine Railroad,* 158 Mass. 261, 266. *Harmon* v. *Old Colony Railroad,* 168 Mass. 377. *Finken* v. *Elm City Brass Co.* 73 Conn. 423. *Pennsylvania Railroad* v. *Dale,* 76 Penn. St. 47, 49. *Silsby* v. *Michigan Car Co.* 95 Mich. 204. *Moore* v. *Kalamazoo,* 109 Mich. 176. *Ehrgott* v. *Mayor & Aldermen of New York,* 96 N. Y. 264. *Wallace* v. *Pennsylvania Railroad,* 195 Penn. St. 127. *District of Columbia* v. *Woodbury,* 136 U. S. 450, 459. *Phillips* v. *London & Southwestern Railway,* 5 C. P. D. 280, 286, 290 ; *S. C.* 5 Q. B. D. 78, 81, 87 ; 4 Q. B. D. 406, 408. In further proof of his personal incapacity, but not as an independent element of recovery, the plaintiff also could show that for some months he was compelled to employ servants to perform work formerly done by himself. *Ballou* v. *Farnum,* 11 Allen, 73. *Rooney* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 222. *Silsby* v. *Michigan Car Co.* 95 Mich. 204, 209. *District of Columbia* v. *Woodbury,* 136 U. S. 450, 459.

In *Macon Consolidated Street Railroad* v. *Barnes,* 113 Ga. 212, it was further held that evidence of the amount paid for such services was also admissible. But we are unable to adopt this view. It was the plaintiff's own earning power which is to be ascertained and valued. The cost of the services of these employees being contingent upon the wages they could command, which would depend upon their competency, or upon the sum

the plaintiff's necessity might have compelled him to pay, evidence of the compensation demanded or received by them had no substantial tendency to measure the diminution of the plaintiff's ability either to perform labor, or to conduct his business in person, and should have been excluded. *Ballou* v. *Farnum*, 11 Allen, 73. *Braithwaite* v. *Hall*, 168 Mass. 38. It may be true, as the plaintiff urges, that when viewed with all the testimony relating to his injuries, to which no exceptions were taken, this evidence had little or no effect in the enhancement of damages, yet we are unable to say that it was manifestly so immaterial as not to have increased the verdict.

The exceptions must be sustained, but as the defendant admits there was evidence for the jury of its liability, the new trial will be limited to damages only. *Whipple* v. *Rich*, 180 Mass. 477.

*Exceptions sustained.*