JOHN H. GRAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex. March 25, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Damages,* In tort. *Evidence, Res inter alios,* Opinion, *Res gestæ,* Public record, Presumptions and burden of proof. *Insurance,* Accident. *Negligence,* Street railway. *Practice, Civil,* New trial. *Jury and Jurors.*

In an action of tort for personal injuries sustained by a professor of economics and political science of a State university, the plaintiff properly may be allowed upon the question of damages to show the extent of his studies and his special equipment in his department of learning, his skill and experience having some bearing upon the value of his time, and he also may be allowed to show that five months before his injury he had entered into a profitable contract for the preparation of a series of articles on "Economics of Advertising" which he had planned to write during his summer vacation and that he was prevented by his injury from doing this; the plaintiff, if he prevails, being entitled to recover damages not only for the pain and suffering that he endured but also for the loss of time, of the valuable use of which he was deprived.

In an action of tort for personal injuries the defendant should not be allowed to show in reduction of damages that the plaintiff received money under a policy of accident insurance by reason of his injuries, the transactions between an insurance company and the plaintiff having no bearing on the extent of his injuries nor upon the defendant's liability for them.

In an action against a corporation operating a street railway for personal injuries caused by the plaintiff falling or being thrown from a car of the defendant, it is proper for the presiding judge to exclude testimony, offered by the defendant, of a witness who did not see the accident, that while the plaintiff was being picked up after his injury the witness heard some noise and heard somebody say, "It was his own fault," this being merely hearsay evidence of the expression of an opinion by an unknown person, and not a part of the *res gestæ.*

In an action for personal injuries against a corporation operating a street railway in a city, the defendant contended that the street where the accident occurred was slippery, and a foreman of the street department of the city, being called as a witness by the defendant, testified that the street had been oiled recently and gave the date of the oiling after refreshing his recollection from a record which the witness filed every morning after the oiling. This record then was offered in evidence and was excluded by the judge. *Held,* that the exclusion was right, as it did not appear that the writing was anything more than a memorandum made by the witness for the information of his superiors.

In an action of tort for personal injuries, it is proper for the presiding judge to instruct the jury upon the question of damages, that if "the plaintiff in an honest effort to lessen the injurious effects of the accident used due care in applying for treatment of the wound on his knee to a reputable physician, the defendant is responsible in damages for the injuries that resulted to the plaintiff from

the defendant's negligence, even though such injuries were aggravated by an accidental or mistaken, but honest, treatment on the part of said physician."

In an action of tort for personal injuries, sustained by a professor of economics and political science of a State university, where the plaintiff seeks to recover damages for his loss of valuable time as well as for his sufferings, it is proper for the presiding judge to instruct the jury to the effect that in determining the amount of damages the jury may consider the amount of the plaintiff's "average earnings, his professional reputation and his special attainments in his profession."

It is proper for a judge presiding at a trial to refuse a request for an instruction to the jury, that where "witnesses of equal candor, fairness and intelligence testify with equal opportunity of knowledge and memory, and their testimony is in all respects of equal weight and credibility and there is a conflict as to facts which cannot be reconciled, the number of witnesses then constitutes a preponderance and the verdict should be in harmony with the greater number of witnesses," if such a ruling is inapplicable to the facts because the witnesses did not have an equal opportunity of observation.

If a street railway car, after stopping at a regular stopping place to enable a passenger to alight, starts suddenly when the passenger is in the act of alighting and the passenger is injured, these facts, unexplained, are evidence of negligence on the part of either the conductor or the motorman of the car.

In an action against a corporation operating a street railway for personal injuries sustained when alighting as a passenger from a car of the defendant, after a verdict for the plaintiff, the defendant made a motion for a new trial on the ground of the alleged disqualification of a juror. It appeared that one of the jury, more than six years before the trial, was injured in a collision with a car of the defendant and presented a claim for damages to the defendant; that no settlement of the claim was made and no action was brought; that before the jury were impanelled the clerk of court asked, among other things, whether any of the jurors had a claim against the defendant, and no one responded; and that no motion was made under R. L. c. 176, § 28, or otherwise, for the examination under oath of any juror; that at the time of the trial all the facts in regard to the juror's claim against the defendant were known to the defendant through its accident records, although not known to its attorney who tried the case. The trial judge found that there was no bias or prejudice on the part of the juror and denied the motion for a new trial. *Held,* that there was no disqualification of the juror as matter of law and no ground for disturbing the action of the trial judge in denying the motion for a new trial.

TORT, by a professor at the head of the department of economics and political science at the University of Minnesota, for personal injuries sustained on the evening of June 27, 1911, on Huron Avenue near the corner of Sparks Street in Cambridge, alleged to have been caused by the sudden starting of an open street railway car of the defendant when the plaintiff was alighting therefrom after the car had come to a full stop at a regular stopping place in response to a request of the plaintiff. Writ dated August 11, 1911.

In the Superior Court the case was tried before *Keating,* J.

The judge refused to make certain rulings requested by the defendant as stated in the opinion. The fourteenth ruling requested by the defendant, referred to in the opinion, was as follows : "14. The plaintiff having alleged that the injury was the fault of the defendant, must prove it. If he does not, he cannot recover. The plaintiff must show that any signal to start the car was given by the conductor, or that the car was started by the motorman without signal. This must be shown in evidence. The plaintiff cannot recover by showing that the car started and nothing more. Unless evidence is given of negligent starting, the jury must find for the defendant." The judge refused to make this ruling in the form requested but made it in the following modified form : "The plaintiff must show that a signal to start the car was given by the conductor or that the car was started by the motorman without signal, but if you believe the testimony introduced by the plaintiff you will be warranted in finding either that a signal to start was given by the conductor or that the motorman started the car without receiving a signal."

The jury returned a verdict for the plaintiff in the sum of $1,690. The defendant filed a motion for a new trial on the ground stated in the opinion, which was denied by the judge. The defendant alleged exceptions, raising the questions which are stated in the opinion.

The case was submitted on briefs.

*W. R. Evans, Jr.,* for the defendant.

*F. G. Cook & G. H. Hull,* for the plaintiff.

RUGG, C. J. This is an action of tort in which the plaintiff seeks to recover damages for injuries received by him while a passenger of the defendant. The question of liability hinges upon the point whether the plaintiff, having given the conductor the proper signal, attempted to alight from the car before it came to a stop, or whether, after the car had stopped in response to his signal, it started again before he had a chance to reach a place of safety on the ground.

1. The plaintiff was rightly permitted to show the extent of his studies and his special equipment in the department of learning in which he specialized. His skill and experience had some bearing upon the value of his time.

2. There was evidence tending to show that the plaintiff was a professor of economics in the University of Minnesota, that he had made a special study of public service corporations and had acquired a considerable reputaticn in that branch of political science. Against the exception of the defendant, he was allowed to show that in January before his injury, which occurred in June, he entered into a profitable contract for the preparation of a series of articles on "Economics of Advertising," and that he was prevented from executing this contract during the summer vacation as he had planned, because of the injury. The contract and the evidence respecting it were competent. The plaintiff was entitled to recover as damages compensation not only for the pain and suffering endured, but also for the loss of time of the valuable use of which he was deprived. The contract price for writing the articles was not recoverable specifically. It was admissible as bearing upon the general damages sustained by him. *Sibley* v. *Nason*, 196 Mass. 125, 131. Failure to write the articles was not too remote. It might have been found as to the plaintiff to have been a direct and immediate result of the injury. *Ballou* v. *Farnum*, 11 Allen, 73. *Halloran* v. *New York, New Haven, & Hartford Railroad*, 211 Mass. 132. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, and cases cited at 381.

3. Evidence to show that the plaintiff received money under a policy of accident insurance properly was excluded. The relations between an insurance company and the plaintiff as its insured had no bearing upon the extent of his injuries, nor upon the defendant's liability. *Clark* v. *Wilson*, 103 Mass. 219. *International Trust Co.* v. *Boardman*, 149 Mass. 158.

4. There was evidence that the plaintiff was thrown or fell from the car to the street. The defendant offered to show that, while the plaintiff was being picked up, some one who was not a witness to the accident would testify that she heard some noise and somebody said, "It was his own fault." This evidence was excluded rightly. It was the expression of a conclusion or of an opinion, and not the exclamation of an observation. It was not a statement accompanying an act, nor was it a part of the controversy which was under investigation. The case is plainly distinguishable from *Hartnett* v. *McMahan*, 168 Mass. 3, on which the defendant relies.

5. As tending to prove that the street was slippery, the defendant called a foreman of the street department to show that the street where the accident occurred recently had been oiled. The witness testified to the fact and date of oiling after refreshing his recollection from a record which was filed every morning after the oiling. This record was then offered in evidence and was excluded. In this there was no error. It does not appear that the writing had any force beyond that of a memorandum made by the witness himself for the information of his superiors. The witness was allowed to make the fullest use of it for the purpose of aiding him in giving his testimony, and it does not appear that the paper was competent for any purpose. *Gurley* v. *Springfield Street Railway,* 206 Mass. 534.

6. The instruction to the jury to the effect that if "the plaintiff in an honest effort to lessen the injurious effects of the accident used due care in applying for treatment of the wound on his knee to a reputable physician, the defendant is responsible in damages for the injuries that resulted to the plaintiff from the defendant's negligence, even though such injuries were aggravated by an accidental or mistaken, but honest, treatment on the part of said physician," was not error. This is in substance the rule which has been laid down in our own cases. *Eastman* v. *Sanborn,* 3 Allen, 594. *McGarrahan* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 211. *Hunt* v. *Boston Terminal Co.* 212 Mass. 99. It prevails generally.[*] The ground for the rule is that the plaintiff is bound to exercise reasonable care for his own safety after the injury. If the injury is serious enough to require the attendance of a physician, he is bound to use the caution of the ordinarily prudent person in choosing the physician and in following his instructions. If an honest mistake is made by a doctor wisely selected, that is regarded as one of the incidents of the tortious act of the defendant. The injured person cannot with justice be required to insure for himself the most skilful medical attendance. Lack of skill on the part of a physician so chosen is not

---

[*] *Reed* v. *Detroit,* 108 Mich. 224. *Lyons* v. *Erie Railway,* 57 N. Y. 489. *Loeser* v. *Humphrey,* 41 Ohio St. 378. *Selleck* v. *Janesville,* 100 Wis. 157. *Chicago City Railway* v. *Saxby,* 213 Ill. 274. *Seeton* v. *Dunbarton,* 73 N. H. 134. *O'Donnell* v. *Rhode Island Co.* 28 R. I. 245. *Hooper* v. *Bacon,* 101 Maine, 533. *Fields* v. *Mankato Electric Traction Co.* 116 Minn. 218.

an independent and disconnected act, but is one which rationally may be attributed to the original tort of the defendant. The case at bar is distinguishable from *Snow* v. *New York, New Haven, & Hartford Railroad,* 185 Mass. 321, and cases of like nature.

7. The instruction to the effect that in determining the amount of damages the jury might consider the amount of the plaintiff's "average earnings, his professional reputation and his special attainments in his profession" was not open to criticism. It was competent as bearing upon earning capacity to consider what his professional attainments and reputation were. They were not independent elements for the assessment of damage, and the portion of the charge excepted to did not treat them as such. *Stynes* v. *Boston Elevated Railway,* 206 Mass. 75.

8. The defendant's tenth request, to the effect that there could be no recovery if the plaintiff's injury "was the result of an accident which occurred without the negligence of the defendant," was given in substance.

9. The request for a ruling to the effect that where "witnesses of equal candor, fairness and intelligence testify with equal opportunity of knowledge and memory, and their testimony is in all respects of equal weight and credibility and there is a conflict as to facts which cannot be reconciled, the number of witnesses then constitutes a preponderance and the verdict should be in harmony with the greater number of witnesses," although taken in substance from the opinion in *Madden* v. *Saylor Coal Co.* 133 Iowa, 699, was refused properly under the circumstances of this case. It was not applicable to the facts for the reason that the witnesses did not have equal opportunity for observation. The number of witnesses testifying in general to the same effect is an important factor to be taken into account by the jury, but other circumstances affecting the weight to be given to testimony are to be considered also. See *Beckles* v. *Boston Elevated Railway,* 214 Mass 311.

10. The defendant's fourteenth request was incorrect in its original statement, but, as modified by the trial judge, stated the law rightly as adapted to the evidence. *McDermott* v. *Boston Elevated Railway,* 208 Mass. 104.

11. The general request to the effect that the plaintiff was not

entitled to recover was denied rightly.    *Killam* v. *Wellesley &
Boston Street Railway,* 214 Mass. 283.

12. The refusal of the judge to instruct the jury to disregard
in considering damages the fact that the plaintiff was unable
to keep his contract to write the magazine articles, was correct.
As we have pointed out, this may have been regarded as a direct
consequence of the injury.    The physicial injury and its result-
ing pain may have been found sufficient to prevent the intellectual
effort required to write the articles.    As was said by Mr. Justice
Holmes in *Braithwaite* v. *Hall,* 168 Mass. 38, 40, "To this extent
a tortfeasor takes the risk of the value of what he destroys."

13. After the verdict a motion for a new trial was filed, one
ground of which was the disqualification of a juror named Pfaff.
Affidavits were filed and a hearing had, upon which the trial judge
found as facts that Pfaff, in October, 1906,* suffered injury in
his property through a collision between a wagon belonging
to him and a car of the defendant, for which he presented a claim
to the defendant; that no settlement was made and no action
brought; that before the trial of the case at bar, but after the
panel appeared to be complete, the clerk inquired among other
things whether any of the jurors had a claim against the defend-
ant, and that no one responded; that at no time was any motion
made under R. L. c. 176, § 28, or otherwise, for the examination
under oath of any juror; that all the facts respecting the juror's
claim against the defendant were known to the defendant through
its accident records although not to its attorney who tried the
case, and that "neither by reason of the said accident and claim
or otherwise was the said Pfaff in any way related to either
party in said cause, nor did the said Pfaff have any interest therein,
nor has he expressed or formed any opinion or been sensible of any
bias or prejudice therein ; that there was no reason or objection
to his serving as said juror in said case."    After making these
findings the judge overruled the motion for a new trial.    These
findings of fact must be taken as true.    It cannot be said as matter
of law that one who has against a party to an action a stale claim
barred by the statute of limitations, the existence of which was
within the knowledge of the objecting party, constitutes such **a**

---

* The trial of the present case was in January, 1913.

disqualification of a juror as requires a new trial. The motion for a new trial in the absence of evidence constituting bias or prejudice as matter of law is ordinarily within the discretion of the trial judge. *Woodward* v. *Dean,* 113 Mass. 297. *Commonwealth* v. *Wong Chung,* 186 Mass. 231. That the circumstances relied upon as creating a bias were within the knowledge of the defendant before the trial has been said to be decisive against granting a new trial. *Wassum* v. *Feeney,* 121 Mass. 93. Failure to exercise the right to have the jurors examined before trial under the statute has been held to deprive a party of exception to a refusal to set aside the verdict for a cause which would have been revealed by such examination. *Smith* v. *Earle,* 118 Mass. 531.

14. No error is disclosed in the refusal to grant the requests for instructions presented by the defendant on its motion for a new trial. The juror was not so incapacitated as a matter of law as to render the verdict a nullity. His own testimony as to his own impartiality was a circumstance to be considered by the trial judge, with all the other evidence, in determining the fact.

*Exceptions overruled.*