PATRICK MAHONEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 22, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Damages*, In tort.   *Practice, Civil*, New trial.

At the trial of an action for personal injuries by a tailor, whose business consisted of both making and repairing clothes and who, besides having certain stock on hand, always had working for him at least two persons and had a part of the work done by outside tailors, after the plaintiff has introduced without objection evidence tending to show his physical inability to do his usual work consequent upon his injuries, it is error for the presiding judge, against the defendant's exception, to permit the plaintiff to show that the profits of his business for the six months before the accident were $1,200 and that for the corresponding period after the accident they were only $500; because the amount of the profits derived from the plaintiff's business depended on other important elements besides his earning capacity.

Where an error at the trial of an action of tort for personal injuries, in which the plaintiff obtained a verdict, consisted only of the admission of certain incompetent evidence introduced by the plaintiff upon the question of damages, this court in sustaining exceptions alleged by the defendant ordered that the new trial should be confined to that issue.

RUGG, C. J.   The only question presented relates to evidence as to damages recoverable for a personal injury arising out of a tort. The plaintiff introduced evidence, without objection, tending to show physical inability to do his usual work consequent upon the injury.   He conducted on his own account a tailoring business consisting of both making and repairing clothes.   Previous to the accident, he worked at the business himself, doing the cutting needed in the making of new clothes and sometimes assisting in the repairing.   He received the customers, took their measurements, and did the marking for repairs.   Both before and after the accident, he always had working for him at least two people, sometimes more, and part of the work was done by outside tailors.   After the accident, he was able to do none or little of his work for a considerable time.   He was unable to grasp his business as before.   His memory failed him and trade fell off.   Upon this state of the evi-

dence the presiding judge * admitted testimony, against the exception of the defendant, tending to show that the profits of his business for the six months before the accident were $1,200, and for the corresponding period after the accident were $500.   The point to be decided is, whether this evidence was competent.

The principles upon which damages for personal injury caused by tort are to be assessed are settled.   In general the plaintiff is entitled to such sum of money as will compensate him for the loss actually sustained by the injury to his person.   It is personal and not property damage which may be recovered.   As bearing upon the question of compensation, disability and impaired capacity are to be considered.   If one receives wages or salary, the amount lost in this regard from the enforced inability to work is a proper element to be considered in assessing damages, but it is not strictly recoverable as wages or salary.   The loss of time and the diminution of earning power in the past and in the future are to be considered in estimating the damages.   *Sibley* v. *Nason,* 196 Mass. 125, 131.   Profits hoped to be derived in the future from a business are too remote and uncertain to be regarded as an element in estimating damages.   *Ballou* v. *Farnum,* 11 Allen, 73, 76.   That is not a personal injury, but a property damage.   Decrease in income is an element to be weighed, when it arises from inability to exercise personal effort or especial efficiency directly producing the income; but not when it is interwoven with profits derived from a business in which capital is employed and to the success of which the service, skill and zeal of others contribute.   Personal earnings may be considered, but the more or less uncertain profits from a business venture arising from an investment and from ability in employing and managing labor cannot be taken into account. Where the element of personal expertness is the essential and dominant factor and the capital invested is insignificant as compared with the earnings and merely incidental to the individual capacity which is the fundamental cause of the income, then the income stands on the same basis as wages or salary and may be shown.   On this ground the income of the physician or other professional man or author may be shown, although there may be

* *Fox,* J.  The jury returned a verdict for the plaintiff in the sum of $1,515; and the defendant alleged exceptions.

some money invested in a library, instruments and similar collateral necessaries. *Conklin* v. *Consolidated Railway,* 196 Mass. 302, 307. *Nebraska* v. *Campbell,* 2 Black, 590. *Gray* v. *Boston Elevated Railway,* 215 Mass. 143. One is not precluded from recovering loss of earning capacity because he happens to be engaged in business for himself; but he cannot prove what is in substance profits from a business under the semblance of earnings. The business man may show the nature and extent of the business conducted by him, the part actually performed by him, and the compensation usually paid to those performing a like service for others. These are circumstances which may be helpful in determining the value of the time he has lost, in order to reach the ultimate result of just compensation for the injury sustained. But the uncertain profits of a commercial undertaking dependent for its success upon other essential factors beside his personal service are too remote to be of assistance in this respect. These principles are generally recognized. They are the same whether the commercial venture involved is on a large or a small scale. *Stynes* v. *Boston Elevated Railway,* 206 Mass. 75, and cases there collected. *Weir* v. *Union Railway,* 188 N. Y. 416. *Walsh* v. *New York Central & Hudson River Railroad,* 204 N. Y. 58, 68, 72. *Silsby* v. *Michigan Car Co.* 95 Mich. 204. *Bierbach* v. *Goodyear Rubber Co.* 54 Wis. 208. The difficulty arises in their application to the diverse facts of different cases.

Tailoring is a well known branch of trade. It involves the carrying of some stock and, in the case at bar, the employment of two or more persons all the time. Its profits must have been derived to a substantial extent in the nature of things from gain on the sale of goods and employment of labor. It partakes more of the nature of business than personal service. ˙

The evidence to which exception was taken related definitely and unequivocally to the profits derived from the business of the plaintiff. This was something more than the earning capacity of the plaintiff. It was not confined to the value of the plaintiff's service according to the standard of wages paid to others employed to do similar work, nor limited to a description of the nature and extent of the business conducted by him. It therefore should have been excluded in accordance with the principles stated.

As the only error relates to the matter of damages, the new trial

is to be confined to that issue. *Simmons* v. *Fish,* 210 Mass. 563, 567.

*Exceptions sustained.*

*J. T. Hughes,* for the defendant.
*E. Field,* (*C. C. McCarthy* with him,) for the plaintiff.