Briggis, J.
This is an action of tort. Under Count 1 of the declaration the plaintiff seeks to recover damages for personal injuries sustained in a collision of his automobile with that of the defendant. Count 2 is for property damage, and Count 3 (contained in the motion to amend hereinafter referred to) is for loss of benefits under a contract of employment. The answer is a general denial, and allegation of contributory negligence, an allegation of lack of agency on the part of any servants or agents of the defendant, and illegal registration.
At the commencement of the trial, without previous notice to the defendant, the plaintiff moved to amend his declaration to include an additional count (3) for special damages as follows: “The plaintiff says that the defendant so negligently operated a motor car on Brookline Avenue, in Boston, on November 3,1939, that by reason thereof defendant’s motor vehicle collided with the vehicle in which the plaintiff was properly riding; plaintiff further says that at the time of the alleged accident he enjoyed the benefits of an employment contract; as a consequence of defendant’s negligence the plaintiff was discharged from his employment losing the benefits of his contract, all to his damage.”
The defendant objected to the allowance of the motion on the grounds that no advance notice had been given to the defendant, and that as a matter of law the proposed Count 3 did not set forth facts, constituting a legal cause of action.
The Court allowed the motion to amend, over defendant’s objection; but no continuance was requested by the defendant.
*403 Pursuant to General Laws, Chapter 231, Section 51, the trial judge may at any time, and in all cases where the justice of the case requires it, allow amendments which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought. It is within the power of the judge to allow an amendment by adding a further count at any time before final judgment.
It is a question of fact for the trial judge to determine whether the cause of action was that for which the suit was intended to be brought. The allegations of the amended count could be found to be true, and it does not appear that the defendant was misled or prejudiced in his defence. We cannot say that the judicial discretion was wrongfully exercised here and the record discloses no reason for reviewing the action of the trial court. Terry vs. Brightman, 133 Mass. 536. Pizer vs. Hunt, 253 Mass. 321, 330, 331. Peladeau, Lte. vs. Gillespie Lumber Co., 285 Mass. 10.
The Court warrantably found as facts that “the plaintiff was in the exercise of due care and the defendant was negligent”, and found for the plaintiff in the sum of $520.75 as follows: Count 1 — $334.00; Count 2 — $66.75; and Count 3 — $120.00.
The plaintiff duly made the following request for ruling: “7. If the Court finds as a fact that there existed a contract of employment between the plaintiff and the United Vending Machine Company and that the plaintiff was discharged and lost the benefits of his contract as a result of his incapacity caused by the negligence of the defendant, then the plaintiff is entitled to all the damages that flowed from the breach of the aforementioned contract.”
The defendant, by special leave of the Court, filed the following request for ruling: “1. That as a matter of law, even if the Court finds as a fact that there existed a contract of employment between the plaintiff and any third *404 party, and even if the Court should further find that the plaintiff was discharged and lost benefits under his contract as a result of incapacity caused by the negligence of the defendant, nevertheless no recovery can be had under the laws of this jurisdiction for any benefits lost under said contract, as such.”
The Court allowed plaintiff’s request No. 7 and denied defendant’s request No. 1.
It is unnecessary to pass upon whether the allegations of the third count could have been considered under Count-1, as bearing upon the general damages sustained, since it is clear that it was not done, and that the Court considered them separately. Special damages, as here pleaded, are compensatory damages for a harm other than one for which general damages are given. Restatement of the Law (Torts) Section 904.
By granting the seventh request the Court in effect found that a contract of employment beneficial to the plaintiff existed between the plaintiff and the United Vending Machine Company, and that the plaintiff lost the benefits of his contract ns a result of incapacity caused by the negligence of the defendant. Where the employment of the plaintiff, if he had not been injured, would have continued at a substantially uniform rate of pay his loss of wages furnishes a practically accurate measure of the injury to his earning capacity. Doherty vs. Ruiz, Mass. Adv. Sh. (1939) 65, 66.
It does not appear that recovery here was awarded on the contract, as such, but rather that it was based on the financial injury to the earning capacity of the plaintiff caused by the tortious acts of the defendant. There was no duplication of damages, and no prejudicial error. Braithwaite vs. Hall, 168 Mass. 38. Halloran vs. N. Y. N. H. & H., *405 Ry. Co., 211 Mass. 132. Gray vs. Boston Elevated Ry. Co., 215 Mass. 143. Antokal vs. Barber, 248 Mass. 393.
The entry will be, Report dismissed.